# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ROBERTO ALMODOVAR, JR.   )
            ) Case No. 18 CV 2341
      Plaintiff, )
            ) Judge Joan B. Gottschall
            )
    vs.       )
            )
            )
REYNALDO GUEVARA, et al.   )
            )
      Defendants. )

**DEFENDANT CITY OF CHICAGO'S ANSWERS AND OBJECTIONS TO
PLAINTIFF ALMODOVAR'S FIRST REQUEST TO PRODUCE DOCUMENTS**

Defendant, CITY OF CHICAGO, (the "City") by and through its undersigned attorneys, and for its Answers and Objections to Plaintiff Almodovar's First Request to Produce Documents, states as follows:

1.  Any and all documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint, including but not limited to all Exculpatory Evidence.

**ANSWER:**  Defendant City refers Plaintiff to its answer (including objections) to Request No. 1 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

2.  Any and all documents relating to or supporting any affirmative defenses any Defendant has or may assert.

**ANSWER:**  Defendant City refers Plaintiff to its answer (including objections) to Request No. 2 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

3.  Any and all documents upon which Defendants may rely at trial.

**ANSWER:**  Defendant City refers Plaintiff to its answer (including objections) to Request No. 3 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

4.     Any and all documents prepared in connection with the Roberto Almodovar investigation, and the investigation, arrest, interrogation and/or charging of Plaintiff, including but not limited to any and all police reports, collected evidence, lab reports, handwritten notes, crime scene photographs, photo arrays, mugshots, and photographs of the Plaintiff, suspects, persons of interests or other witnesses. The request specifically includes but is not limited to the complete Department Permanent Retention File and the complete Investigative File, Area File, Unit File, or Street File with respect to the Roberto Almodovar's investigation.

**ANSWER:**     Defendant City objects that this request is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definition of "Roberto Almodovar investigation" that precedes these requests (including but not limited to the definition of the term "Investigator" as defined in definition no. 14). Further, Defendant City refers Plaintiff to its answer (including objections) to Request No. 4 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

5.     Any and all documents relating to any confidential informants that were used by the Department during the Roberto Almodovar investigation.

**ANSWER:**     Defendant City objects that this request is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definition of "Roberto Almodovar investigation" that precedes these requests (including but not limited to the definition of the term "Investigator" as defined in definition no. 14). Further, Defendant City refers Plaintiff to its answer (including objections) to Request No. 5 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

6.     Any and all documents relating to any line-ups, show-ups, or photo arrays that were used by the Department during the Roberto Almodovar Investigation.

**ANSWER:**     Defendant City objects to this request as it is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definitions of "documents," "relating to," and the "Roberto Almodovar Investigation" which precede this request (including but not limited to the definition of the term "Investigator" as defined in definition no. 14).

- 2 -

Defendant City further objects on the grounds that this request is vague, ambiguous, and duplicative of Request No. 4 above, and incorporates its answer and objections here. Subject to and without waving these objections, Defendant City refers Plaintiff to the documents identified in and/or produced with Defendants' Joint Initial Rule 26(a)(1) Disclosures and any supplement thereto. Defendant City is investigating whether it is in possession of additional documents responsive to this request. Investigation continues.

7.      Any and all documents relating to any benefit given to any witness by any investigator during the Roberto Almodovar investigation. This includes but is not limited to, additional visits, cigarettes, money, consideration on any criminal charges, preferential housing, preferential treatment, relocation money and/or rent payments.

**ANSWER:**      Defendant City objects to this request as it is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definitions of "documents," "relating to," "investigator" and the "Roberto Almodovar Investigation" which precede this request. Defendant City further objects that the phrases "any benefit given to any witness" is both vague and ambiguous and not limited in time or scope. Subject to and without waiving these objections, and to the extent this request seeks documents in the possession and control of the City, Defendant City refers Plaintiff to the documents identified in and/or produced with Defendants' Joint Initial Rule 26(a)(1) Disclosures and any supplement thereto. Defendant City is investigating whether it is in possession of additional documents responsive to this request, but the Parties will need to conduct a Rule 37.2 conference to determine the scope of this request. Investigation continues.

8.      Any and all documents, including any and all attachments and investigator notes, relating to any internal investigation (e.g., COPA, OPS, Internal Affairs, IPRA, etc.) undertaken by the Department in connection with the events described in Plaintiff's Complaint.

**ANSWER:**      Defendant City refers Plaintiff to its answer (including objections) to Request No. 6 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

- 3 -

9.     Any and all documents, including street files or running files, which were not included in the Investigative File and that summarize, reflect or describe any police actions related to the Roberto Almodovar investigation.

**ANSWER:**     Defendant City objects that this request is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definition of "Roberto Almodovar investigation" that precedes these requests (including but not limited to the definition of the term "Investigator" as defined in definition no. 14).  Further, Defendant City refers Plaintiff to its answer (including objections) to Request No. 7 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

10.     The Investigative File Control Card for the Roberto Almodovar investigation Investigative File.

**ANSWER:**     Defendant City objects that this request is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definition of "Roberto Almodovar investigation" that precedes these requests (including but not limited to the definition of the term "Investigator" as defined in definition no. 14).  Further, Defendant City refers Plaintiff to its answer (including objections) to Request No. 8 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

11.     The Investigative File Inventory Sheet for the Roberto Almodovar investigation Investigative File.

**ANSWER:**     Defendant City objects that this request is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definition of "Roberto Almodovar investigation" that precedes these requests (including but not limited to the definition of the term "Investigator" as defined in definition no. 14).  Further, Defendant City refers Plaintiff to its answer (including objections) to Request No. 9 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

12.     The Log of Criminal History Records Issued for Roberto Almodovar.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

11 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

13.     The Log of Criminal History Records Issued for William Negron.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

10 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

14.     The Log of Criminal Histories Record Issued for the following individuals: (a) Bill Dorsch; (b) Samuel Perez; (c) Salvador Ortiz; (d) Juan Johnson; (e) Virgilio Muniz; (f) Virgilio Calderon Muniz; (g) Wilfredo Rosario; (h) David Velazquez; (i) Carl Richmond; (j) Edwin Davila; (k) Efrain Sanchez; (l) Julio Sanchez; (m) Evelyn Diaz; (n) Luis Figueroa; (o) Gloria Ortiz Bordoy; (p) Rodolfo Zaragoza; (q) Jose Melendez; (r) Maria Rivera; (s) Robert Ruiz; (t) Ruth Antonetty; (u) Orlando Lopez; (v) Judith Martinez; (w) Tony Gonzalez; (x) Annie Turner; (y) Almarie Lloyd; (z) Leshurn Hunt; (aa) Graciela Flores; (bb) Reynaldo Munoz; (cc) Rafael Garcia; (dd) Daniel Pena; (ee) Melvin Warren; (ff) Victor Vera; (gg) David Rivera; (hh) Daniel Rodriguez; (ii) Jacqueline Montanez; (jj) Eliezar Cruzado; (kk) Adolfo Frias Munoz; (ll) Adrian Duta; (mm) Santos Flores; (nn) Voytek Dembski; (oo) Rosauro Mejia; (pp) Adriana Mejia; (qq) Arturo Reyes; (rr) Gabriel Solache.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

12 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

15.     All Documents relating to whether the Plaintiff committed any illegal act in relation to the incident described in the Complaint.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

13 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

16.     Any and all documents prepared in connection with any of the arrests and/or charges reflected on Roberto Almodovar's Criminal History Log (*see:* Almodovar_Lassar 10799) or any additional arrests and/or charges known to Defendants.

**ANSWER:**     Defendant City objects to this request as it is overly broad and unduly burdensome based on the definition of "Documents" that precedes these requests.  Defendant City objects that this request is vague and ambiguous as to the words "prepared in connection with" and "any additional arrests and/or charges known to Defendants."  Defendant City also objects to the extent

this request seeks information "known to Defendants" other than Defendant City. Subject to and without waiving said objections, Defendant City is investigating whether it is in possession of documents responsive to this request. Investigation Continues.

17.     Any and all Documents related to any Complaint of any person against any of the Investigators at any time. This request specifically seeks the complete Department "CR" file for each Complaint; a print-out of the disciplinary histories of each of the Investigators with information sufficient to determine the date of any Complaint, the type of Complaint, and the result of any investigation or disciplinary proceeding with respect to each such Complaint; and any Complaints filed in criminal or civil court.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No. 14 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

18.     All files relating to each Investigator (including the individual defendant officers) maintained by the Department, including complete Department personnel files, internal affairs files, and training records.

**ANSWER:**     Defendant City objects that this request is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definition of "Investigator" that precedes these requests because it does not list the names of the individuals to which it refers and includes individuals not employed by the Chicago Police Department. Further, Defendant City refers Plaintiff to its answer (including objections) to Request No. 15 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

19.     Documents sufficient to show the location, movements, and assignments of each of the Investigators (including the individual Defendant Officers) on September 1, 1994 through September 12, 2014. This request specifically seeks but is not limited to the Department Attendance and Assignment sheets for the specified time period.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No. 16 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

20.     Any insurance contracts or indemnification agreements that may cover the liability of any of the Defendant Officers or the City for the claims Plaintiff makes in this case.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No. 17 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

21.     A photograph of each of the investigators that shows each Officer's appearance at or near the time of the Roberto Almodovar investigation. This request seeks the photograph of each Officer in the department's possession taken closest in time to the Roberto Almodovar investigation.

**ANSWER:**     Defendant City objects that this request is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definition of "Roberto Almodovar investigation" that precedes these requests (including but not limited to the definition of the term "Investigator" as defined in definition no. 14).  Further, Defendant City refers Plaintiff to its answer (including objections) to Request No. 18 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

22.     All documents in Defendants' possession relating to Plaintiff. This request includes documents obtained prior to, during and after the Roberto Almodovar Investigation.

**ANSWER:**     Defendant City objects that this request is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definition of "Roberto Almodovar investigation" that precedes these requests.  Further, Defendant City refers Plaintiff to its answer (including objections) to Request No. 19 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

23.     All documents that support or relate to any of Your responses to any of Plaintiff's Interrogatories or Requests for Admission in this case.

**ANSWER:**     Defendant City objects that this request is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definition of "Roberto Almodovar investigation" that precedes these requests.  Further, Defendant City refers Plaintiff to its answer (including objections) to Request No. 20 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

24.     All documents comprising, containing, or memorializing Communications of any kind relating to this case, including but not limited to memos, letters, faxes, e-mails, reports, text messages, notes, etc. This Request includes but is not limited to (a) all Communications between the Investigators and Plaintiff; (b) all Communications between the Investigators and the witnesses in this case; (c) all Communications with employees of the Cook County State's Attorney's Office; (d) all Communications between or among any person within the Department; and (e) all Communications between any of the Investigators including the Individual Defendant Officers. This request also includes any such Communications that are not included in the Investigative File for the Roberto Almodovar investigation.

**ANSWER:**     Defendant City objects that this request is overly broad and not proportional to the needs of the case, and, therefore, unduly burdensome based on the definition of "Roberto Almodovar investigation" that precedes these requests (including but not limited to the definition of the term "Investigator" as defined in definition no. 14).  Further, Defendant City refers Plaintiff to its answer (including objections) to Request No. 21 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

25.     All transcripts, tape recordings, and radio transmissions (or Documents memorializing the same) relating to the subjects described in Plaintiff's Complaint.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No. 22 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

26.     Any witness statements (written, oral, recorded or transcribed in any way) relating to any of the events described in Plaintiff's Complaint in this action.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No. 23 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

27.     All Documents prepared in connection with RD No. Y-405585.

**ANSWER:**     Defendant City objects to this request as it is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definition of "Documents" that precedes these requests.  Defendant City objects that this request is vague and ambiguous as to the words "prepared in connection with."   Subject to and without waiving said objections

Defendant City refers Plaintiff to its answers and objections to Request Nos. 4, 10, and 11, as well as documents identified in and/or produced with Defendants' Joint Initial Rule 26(a)(1) Disclosures and any supplement thereto. Investigation Continues.

28. Any and all documents relating to the investigation, arrest, interrogation, or prosecution of any Person who has ever been a suspect in the Merkes and Rodriguez homicide investigation at all times through the conclusion of this litigation.

**ANSWER:** Defendant City refers Plaintiff to its answer (including objections) to Request No. 24 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

29. All Documents relating to William Negron, including but not limited to any Documents comprising Communications with that Individual.

**ANSWER:** Defendant City objects to this request as it is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definitions of "Documents," "relating to," and "Communications" that precede this request. Further, Defendant City objects to this request to the extent it is duplicative of Request No. 24, and incorporates its answer and objections here. Defendant City further objects that this request is not limited in time or scope, and is generally vague and ambiguous because it does not seek any type of specific document as any document produced in this case could arguably be "related to" William Negron. Subject to and without waiving these objections, Defendant City refers Plaintiff to the documents identified in and/or produced with Defendants' Joint Initial Rule 26(a)(1) Disclosures, and any supplement thereto, as well as any other documents produced by any other party in this litigation. Further answering, Defendant City is investigating whether it has any additional responsive documents, but to the extent this request seeks electronically stored information, the Parties will need to conduct a Rule 37.2 conference to determine the scope of this request. Investigation continues.

30. All Documents relating to Jacqueline Grande, including but not limited to any Documents comprising Communications with the individual.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

25 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

31.     All Documents relating to Kennelly Saez, including but not limited to any
Documents comprising Communications with the individual.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

26 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

32.     All Documents related to the firing or resignation of any Individual Defendant,
including but not limited to any Communication to any Individual Defendant on the subject of
firing or resignation.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

27 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

33.     All Documents, including all Communications, between any Individual Defendant
or any employee, agent, or contractor of any of the Entity Defendants and any new media on the
subject of Roberto Almodovar, including but not limited to all video recorded interviews, audio
recorded interviews, emails, articles, or written correspondence.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

28 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

34.     All Documents or evidence favorable to Roberto Almodovar tending to show
Roberto Almodovar was not guilty of the Merkes and Rodriguez murders, including any evidence
that would tend to undermine the credibility of any prosecution witness who testified during any
of Roberto Almodovar's criminal proceedings.

**ANSWER:** Defendant City objects to this request as it is overly broad and not proportional to the

needs of the case and, therefore, unduly burdensome based on the definition of "Documents" that

precede this request.  Defendant City also objects on the grounds that this request is vague and

ambiguous as to "evidence favorable," "tending to show," and "tend to undermine the credibility

of any prosecution witness."  Defendant City further objects to the extent this request seeks a legal

conclusion.  Subject to and without waiving these objections, Defendant City refers Plaintiff to its

answer (including objections) to Request No. 29 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

35.     All Documents relating to any person who you now consider a suspect in the Merkes and Rodriguez homicide investigation.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No. 30 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

36.     All Documents obtained from third parties (including but not limited to Documents obtained via third party subpoena in this litigation), including but not limited to employment records, medical records, prison/jail records, or any other records that relate to this litigation or to the allegations in the Complaint.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No. 31 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

37.     All Documents obtained via FOIA or other means that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No. 32 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

38.     Any and all "demonstrative" aids or exhibits which may be used at trial of this cause.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No. 33 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

39.     All physical evidence relating to any of the allegations in Plaintiff's Complaint or Defendants' defenses thereto, including but not limited to photographs, inventoried evidence, laboratory evidence, diagrams, sketches, audio or video recordings.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No. 34 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

40.     All policies, procedures, general orders, special orders, directives, Standard Operating Procedures and/or employee manuals of the Chicago Police Department or any agency affiliated with CPD relating to how to conduct a felony crime investigation, how to conduct an investigation for mob action and/or gang loitering, an investigation of homicide, as well as making

an arrest; executing search warrants; processing evidence; inventorying evidence; writing police reports; taking statements; conducting line-ups, show-ups and photos arrays; and testifying in Court.

**ANSWER:**     Defendant City objects to this request as it is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definition of "relating to" which precedes this request.  Further, Defendant City objects on the grounds that "how to conduct," "investigation for mob action and/or gang loitering," "investigation of homicide," "making an arrest," "processing evidence," "inventorying evidence," "writing police reports," "taking statements," and "testifying in court" are vague, ambiguous, overly broad, and unduly burdensome, and thus, not proportional to the needs to this case.  Defendant City further objects that this request is not limited in time or scope.  Finally, Defendant City objects to responding to this request as the material sought pertains to Plaintiff's *Monell* claims which are subject to the City's Motion to Bifurcate and Stay *Monell* discovery, which the City will be filing shortly. Further, to the extent this interrogatory is duplicative of Request No. 35 in Plaintiff Negron's First Set of Requests for Production to the City, the City incorporates is answer and objections here, as well as any supplement thereto.

41.     Any and All Document that supports Your position, if such position is taken, that the Department had in place at all relevant times a written policy or procedure that required Chicago police officers and/or police detectives to document and/or memorialize the various developments in the investigation in such a way that they would become part of the Investigative File as the investigation preceded, including but not limited to any training provided to ensure that Department employees were aware of those policies or procedures in 1994 (thus, this request seeks all Documents relating to training on this topic from the earliest of either the time the policy or procedure was implemented or the earliest date one of the Defendant police officers joined the Department, all the way through 2004).

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No. 36 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

42.     Any Document that supports Your position, if such position is taken, that the Department had in place in 1994 a written policy or procedure to ensure that Department

employees did not violate the constitutional rights of suspects in custody, including but not limited to any training provided to ensure that Department employees were aware of those policies or procedures at all relevant times (thus, this request seeks all Documents relating to training on this topic from the earliest of either the time the policy or procedure was implemented or the earliest date one of the Defendant police officers joined the Department, all the way through 2004).

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

37 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

43.     Any Document that supports Your position, if such position is taken, that the Chicago Police Department had in place at all relevant times a written policy or procedure that required Chicago police officers and/or police detectives to produce and disclose Exculpatory Evidence, including but not limited to any training provided to ensure that Department employees were aware of those policies or procedures at all relevant times (thus, this request seeks all Documents relating to training on this topic from the earliest of either the time the policy or procedure was implemented or the earliest date one of the Defendant police officers joined the Department, all the way through 2004).

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

38 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

44.     Any Document identifying or concerning the policymaker or policymakers who were responsible for or who had final policymaking authority for the policies or practices referenced in request numbers 40-43, above, including but not limited to documents reflecting any action by those policymakers to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to the policies or practices referenced in request numbers 40-43, above.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

39 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

45.     Any Document relating to changes made from 1994 through the present to the policies or practices referenced in request numbers 40-43, above, or to training programs relating to those policies or practices.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

40 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

46.     Any and All Documents relating to any training You received on any of the following topics: (a) disclosing evidence to the Cook County State's Attorney's Office; (b) memorializing information about a criminal investigation in police documents, including but not limited to supplementary reports and General Progress Reports; (c) maintaining Street Files,

personal files or personal notes; (d) maintaining the Investigative File, Investigative File Case Folder and any associated inventories, logs, or control cards; (e) reporting requirements of Department officers who believe another officer has violated a General Order, Department policy, or state or federal law in the performance of that officer's law enforcement duties; (f) testifying in criminal or civil cases; (g) disclosing exculpatory Evidence to suspects, criminal defendants, or prosecutors.

**ANSWER:**    Defendant City objects to this request on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous based on the definition of "You" that precedes these requests.

Defendant City objects that this request is directed at the Defendant Officers, and thus does not

require a response from the City. To the extent this request seeks documents of training that was

provided to employees of the Chicago Police Department, Defendant City objects to this request

as it is overly broad and unduly burdensome as to the definitions of "Documents," "relating to,"

"Street Files," and "Exculpatory Evidence" that precede these requests, as well as the following

vague, ambiguous, overly broad, and unduly burdensome terms or phrases "who believe another

officer has violated…that officer's law enforcement duties," which makes this request not

proportional to the needs of this case. Defendant City further objects that this request is not limited

in time or scope, and to the extent this request is duplicative of Request Nos. 18 and 41-43,

incorporates those answers and objections here. Further, to the extent this request seeks the exact

same information as Request No. 41 in Plaintiff Negron's First Set of Requests for Production, the

City refers Plaintiff to its answer (including objections) to that request, and any supplements

thereto. Finally, Defendant City objects to responding to this request as the material sought

pertains to Plaintiff's *Monell* claims which are subject to the City's Motion to Bifurcate and Stay

*Monell* discovery, which the City will be filing shortly.

    47.    Any documents that support a claim that You or any of the Defendant Officers acted inconsistently with any of the policies or practices of the City of Chicago or Chicago Police Department (formal or informal, written or unwritten) at any time during any event or circumstance described in Plaintiff's Complaint.

**ANSWER:** Defendant City objects to this request as it is overly broad, vague, and unduly burdensome based upon the definition of "You" that precedes this request as well as "at any time during any event or circumstance described in Plaintiff's Complaint." This interrogatory is also vague and ambiguous as to "acted inconsistently," and not limited in time or scope. Subject to and without waiving these objections, and to the extent this request seeks documents that show that the Defendant Officers did not act consistently with the City's policies during the time of the investigation into the murders of Amy Merkes and Jorge Rodriguez, Defendant City states that it is not presently aware of any such documents. Investigation continues.

48.     Any and all Documents relating to any psychological testing or screening by any kind performed on each Defendant Officer (a) before they were hired by the Department; and (b) during their employment with the Department.

**ANSWER:**     Defendant City objects to this request as it is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based upon the definitions of "Documents" and "relating to" that precede this request. Defendant City also objects that the phrase "psychological testing or screening by any kind performed" is vague and ambiguous. Defendant City further objects that this request is not limited in time or scope. Defendant City further objects to this request on the grounds that it seeks information protected by the Illinois Mental Health and Developmental Disabilities Act (405 ILCS 5/100 et seq.); the Illinois Mental Health and Development Disabilities Confidentiality Act (740 ILCS 110, et seq.); HIPAA; the Illinois Constitution's right to privacy (Illinois Constitution at Article I § 6); the Illinois Personal Record Review Act; the psychotherapist-patient privilege set forth in Jaffee v. Redmond, 518 U.S. 1 (1996); and the physician-patient privilege (735 ILCS 5/8-802).

49.     All Documents relating to any Rule 26 expert witness retained by Defendants in this matter, including but not limited to: (a) all Communication to/from said expert(s) which are not otherwise protected as work product under Rule 26; (b) all Documents provided to and relied upon by said expert(s); (c) all notes, reports, and analysis by said expert(s); (d) all bills or

statements of the hours and compensation paid to or billed by the witness for work on this matter; and (e) any transcripts of prior testimony or Rule 26 reports of said expert(s). To the extent responsive Documents become available as the litigation proceeds, please seasonably supplement Your Responses.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

42 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

50.     All Documents, including all Communications, between You and news media on the subject of Plaintiff or any event described in Plaintiff's Complaint, including but not limited to all video-recorded interviews, audio-recorded interviews, emails, articles, or written correspondence.

**ANSWER:**  Defendant City objects to this request as it is overly broad and not proportional to the

needs of the case and, therefore, unduly burdensome based on the definitions of "Documents,"

"Communications," "You," and "Plaintiff's Complaint" that precede this request.   Further,

Defendant City objects to this request to the extent it is duplicative of Request No. 33 above, and

incorporates its answer and objections here.   Defendant City further objects that the terms "on the

subjects of" and "any event described in Plaintiff's Complaint" are vague and ambiguous.

Defendant City further objects to this request on the grounds that this request is unlimited in both

time and scope and is, therefore, not proportional to the needs of the case.   Subject to and without

waiving these objections, the Parties will need to conduct a Rule 37.2 conference to determine the

scope of this request.   Investigation continues.

51.     All Documents that constitute records, logs, or inventories of physical evidence relating to any of the allegations in Plaintiff's Complaint or Your defenses to Plaintiff's Complaint, including but not limited to records, logs, or inventories of any physical evidence collected from Plaintiff.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

43 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

52.     All Documents produced by, sent to, or received from the Cook County State's Attorney's Office relating to the events described in Plaintiff's Complaint.

**ANSWER:**     Defendant City objects to this request as it is overly broad and not proportional to the needs of the case and, therefore, unduly burdensome based on the definitions of "Documents," "relating to," and "Plaintiff's Complaint" that precede these requests.  Further, Defendant City objects to this request to the extent it is duplicative of Request No. 24 above, and incorporates its answer and objections here.  Defendant City further objects that the terms "event described in Plaintiff's Complaint" are vague and ambiguous.  Defendant City further objects to this request on the grounds that this request is unlimited in both time and scope and is, therefore, not proportional to the needs of the case, and to the extent that it seeks document that are not in the City's possession or control.  Subject to and without waiving these objections, the City refers Plaintiff to the documents identified in and/or produced with Defendants' Joint Initial Rule 26(a)(1) Disclosures, any supplement thereto, as well as all documents which have been produced by any other Party to this litigation.  Investigation continues.

53.     Documents sufficient to show all cell phone numbers and providers used by You, and each of your immediate supervisors, at any time between September 1, 1994 and the present day. This request specifically includes both work-issued and personal cell phone numbers and providers.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No. 44 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.

54.     All Documents relating to the following 404(b) witnesses listed in the complaint:(a) Bill Dorsch; (b) Samuel Perez; (c) Salvador Ortiz; (d) Juan Johnson; (e) Virgilio Muniz; (f) Virgilio Calderon Muniz; (g) Wilfredo Rosario; (h) David Velazquez; (i) Carl Richmond; (j) Edwin Davila; (k) Efrain Sanchez; (l) Julio Sanchez; (m) Evelyn Diaz; (n) Luis Figueroa; (o) Gloria Ortiz Bordoy; (p) Rodolfo Zaragoza; (q) Jose Melendez; (r) Maria Rivera; (s) Robert Ruiz; (t) Ruth Antonetty; (u) Orlando Lopez; (v) Judith Martinez; (w) Tony Gonzalez; (x) Annie Turner; (y) Almarie Lloyd; (z) Leshurn Hunt; (aa) Graciela Flores; (bb) Reynaldo Munoz; (cc) Rafael Garcia; (dd) Daniel Pena; (ee) Melvin Warren; (ff) Victor Vera; (gg) David Rivera; (hh) Daniel Rodriguez; (ii) Jacqueline Montanez; (jj) Eliezar Cruzado; (kk) Adolfo Frias Munoz; (ll) Adrian Duta; (mm) Santos Flores; (nn) Voytek Dembski; (oo) Rosauro Mejia; (pp) Adriana Mejia; (qq) Arturo Reyes; (rr) Gabriel Solache.

**ANSWER:**     Defendant City refers Plaintiff to its answer (including objections) to Request No.

45 to Plaintiff Negron's First Set of Requests for Production, and any supplements thereto.


Date:   March 8, 2019                                              Respectfully Submitted,
                                                                   CITY OF CHICAGO

                                                                   */s/ Eileen E. Rosen*
                                                                   One of its attorneys



Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
ROCK FUSCO & CONNELLY, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60602
(312) 494-1000

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, an attorney, states that a true and correct copy of the Defendant City of Chicago's Responses and Objections to Plaintiff's First Request to Produce was served upon all counsel of record on March 8, 2019.

                                                                   */s/ Eileen E. Rosen*