# EXHIBIT F

```
 1                IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   ARTURO DeLEON-REYES,              )
                                       )
 4              Plaintiff,             )
                                       )
 5         -vs-                        ) No. 18 C 1028
                                       )
 6   ERNEST HALVORSEN, et al.,         ) Chicago, Illinois
                                       ) April 24, 2019
 7              Defendants.            ) 9:00 a.m.

 8
                          TRANSCRIPT OF PROCEEDINGS
 9                  BEFORE THE HONORABLE ANDREA R. WOOD

10   APPEARANCES:

11   For Plaintiff Solace:      PEOPLE'S LAW OFFICE
                                1180 North Milwaukee Avenue
12                              Chicago, Illinois  60642
                                BY:  MR. JOHN LADELL STAINTHORP
13
     For Plaintiff DeLeon
14   Reyes:                     LOEVY & LOEVY
                                311 North Aberdeen Street
15                              Chicago, Illinois  60607
                                BY:  MR. SEAN STARR
16
     For Defendant
17   Halvorsen:                 THE SOTOS LAW FIRM, P.C.
                                141 W. Jackson Boulevard
18                              Chicago, Illinois  60604
                                BY:  MR. JOSH MICHAEL ENGQUIST
19

20

21            COLETTE M. KUEMMETH, CSR, RMR, FCRR
                      OFFICIAL COURT REPORTER
22               219 South Dearborn Street
                          Room 1928
23                Chicago, Illinois  60604
                        (312) 554-8931
24

25
```

```
 1    APPEARANCES:  (Continued)
 2
      For Defendant City:      ROCK, FUSCO & CONNELLY, LLC
 3                             321 North LaSalle Street
                               Chicago, Illinois  60654
 4                             BY:  MS. CATHERINE MACNEIL BARBER

 5    For Defendant
      Guevara:                 LEINENWEBER, BARONI & DAFFADA, LLC
 6                             120 North LaSalle Street
                               Chicago, Illinois  60602
 7                             BY:  MR. KEVIN EDWARD ZIBOLSKI

 8    For Defendant Cook
      County:                  COOK COUNTY STATE'S ATTORNEY
 9                             50 West Washington
                               Chicago, Illinois  60602
10                             BY:  MR. EDWARD M. BRENER

11    For Defendant
      Navarro:                 REITER BURNS LLP
12                             311 South Wacker Drive
                               Chicago, Illinois  60606
13                             BY:  MR. PAUL A. MICHALIK

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              (Proceedings heard in open court:)
 2              THE CLERK:  18 CV 1028, DeLeon Reyes versus
 3   Guevara, and 18 CV 2312, Solache versus City of Chicago.
 4              MR. STARR:  Good morning, your Honor.  Sean Starr
 5   on behalf of plaintiff Reyes.
 6              MR. STAINTHORP:  Good morning, Judge.  John
 7   Stainthorp on behalf of plaintiff Solache.
 8              MS. BARBER:  Good morning, your Honor.  Catherine
 9   Barber for the City of Chicago.
10              MR. ENGQUIST:  Good morning, your Honor.  Josh
11   Engquist on behalf of Rutherford, Naujokas, Trevino, Biebel,
12   Harvey, Dickinson, Stankus, Mingey, and Halvorsen.
13              MR. ZIBOLSKI:  Good morning, Judge.  Kevin Zibolski
14   on behalf of defendant Guevara.
15              MR. BRENER:  Good morning, your Honor.  Edward
16   Brenner on behalf of defendants O'Malley, Brualdi, Varga,
17   Wehrle, and Cook County.
18              MR. MICHALIK:  Paul Michalik on behalf of defendant
19   Navarro.
20              THE COURT:  Good morning.  So I've reviewed the
21   parties' submission in connection with the defense motion for
22   bifurcation.  I did also check in with Magistrate Judge
23   Harjani on the status of discovery of the case just so that I
24   would sort of understand where he thinks you are in the
25   process, though not on any substantive issues.
```

 1    I am going to deny the motion for bifurcation.  I
 2 don't think it's necessary under the circumstances of this
 3 case, and my views regarding the matter I think actually are
 4 fairly similar to the ones espoused by my colleague, Judge
 5 Kocoras, in that Gomez opinion that came down recently with
 6 respect to most of the issues.
 7    I think at this point I can't make a determination
 8 that the Monell liability is necessarily dependent on the
 9 individual liability.  I think there are theories that would
10 not make that the case, and it's not at all clear to me that
11 there is a benefit and judicial efficiency to be gained under
12 these circumstances, unless perhaps if I were inclined to
13 enter a limited consent, which as I think I indicated before,
14 I'm not particularly inclined to do under these
15 circumstances.  I think it's a fundamentally different claim
16 for the plaintiff to attribute a constitutional violation
17 directly to the City based on the City's policies and
18 practices as opposed to just individual liability, and that
19 there should be an opportunity to suss that out and
20 potentially pursue that judgment and get that judgment for
21 reasons that I think Judge Kocoras also very succinctly
22 stated at the conclusion of his opinion, among others.
23    If need be, if the parties prefer I can also put
24 together a written ruling that provides more details on it,
25 but I wanted to get the parties the oral ruling that that

1  motion is going to be denied, because I know you're going to
2  see Judge Harjani I believe next week perhaps, and I expect
3  that he will be talking to you about scheduling.
4      Now, that said, one thing that I am going to
5  suggest for consideration in managing discovery, and
6  ultimately the decision will be Judge Harjani's as the
7  magistrate judge, is whether it's appropriate to phase
8  discovery here.  If it does appear that the Monell discovery
9  is slowing things down or bogging things down, it may very
10 well be appropriate to phase the discovery to focus on the
11 individual claim and perhaps allow an opportunity where if
12 the defendants or some portion of the defendants file a
13 motion for summary judgment or partial summary judgment and
14 come in and can demonstrate why there is no constitutional
15 violation, that may be a reason to take that issue up early.
16 And if they're successful, that may actually provide a reason
17 for me to revisit the decision on bifurcating the Monell
18 claim.
19     On the other hand, if it's clear that the
20 individual claims are going to trial, it would strike me as
21 extremely inefficient to require that to happen before the
22 Monell claim is fully developed.  So again, it will be up to
23 Judge Harjani ultimately to decide the most efficient way of
24 managing discovery, but I did want to be clear that my order
25 denying the bifurcation would not prevent him from deciding

1   to phase discovery or manage discovery in a way to make sure
2   that things are still moving forward, notwithstanding the
3   fact that there may be, you know, this bigger pool of
4   discovery that's out there.
5               On the Monell claim my hope and expectation is that
6   the parties will work together to keep that discovery
7   manageable.  My understanding is that a lot of the discovery
8   that's being sought and that's reflected in the exhibits to
9   the motions are things that have been sought in similar cases
10  before and that the parties may already be familiar with in
11  some way.  I would hope you would make use of that experience
12  to keep the discovery here manageable and to cooperate in the
13  process, and if you're able to do that, then, you know,
14  perhaps you can move things along quickly and not have to
15  have any sort of phasing of discovery at all, just, you know,
16  appropriate, well-managed discovery.
17              So that's my ruling with respect to the bifurcation
18  motion.  It's denied, and Judge Harjani will have the ability
19  to phase discovery if he views it appropriate to do so.  And
20  any of the individual defendants or the City, if you're in a
21  position where you think you have a motion for summary
22  judgment or partial summary judgment to tee up, you can tee
23  it up.  I set dispositive motion deadlines, you know, for
24  after the close of all discovery.  That's the latest you can
25  file.  If you're ready to file and there really is no

disputed issue of fact, file it earlier, and you may very well succeed in narrowing the issues or getting your individual clients or some of them out of the case at an earlier stage.

        I know you're going to see Judge Harjani for discovery. Is there any possibility of settlement here?

        MR. STARR: Not at this juncture, your Honor.

        THE COURT: Okay. Defense counsel agree with that assessment?

        MR. ENGQUIST: Yes, your Honor.

        THE COURT: I think the referral to Judge Harjani also would include settlement as well, I believe.

        MR. ENGQUIST: Probably, your Honor.

        MR. STARR: Yes. I'm not a hundred percent sure, but I assume so.

        THE COURT: That is my usual approach.

        MS. BARBER: I believe he brought that up at the first status with him, so I think that's something he's looking at.

        THE COURT: So I'm going to set about a 90-day status here. My understanding is that he's going to be discussing scheduling with the parties when he sees you next, and I probably will see a scheduling order with some different dates, and I may adjust my status based on what I see. But for now, I'm going to set about a 90-day date for

```
 1    my purposes to see the parties again.
 2              THE CLERK:  July 25th, 9:00 a.m.
 3              MR. STAINTHORP:  There is another issue I would
 4    like to raise.
 5              THE COURT:  Okay.
 6              MR. STAINTHORP:  That is we had filed a motion to
 7    appoint a special representative, which you had granted, for
 8    two deceased defendants.  You required us to file an
 9    affidavit with respect to our research in terms of open
10    estates and contact with the survivors of the deceased
11    defendants.  So we had filed the affidavit about a couple
12    weeks ago, maybe three weeks ago.
13              I just want to be clear now that we do have
14    permission to file an amended complaint which substitutes the
15    special representatives for the deceased defendants, is that
16    correct?
17              THE COURT:  Is the only difference here going to be
18    the substitution of the plaintiff?
19              MR. STAINTHORP:  Well, of the defendants.
20              THE COURT:  Of the defendants.  Sorry.
21              MR. STAINTHORP:  So for two persons who are
22    deceased.  Yes.
23              THE COURT:  Is there any objection?
24              MR. ENGQUIST:  Your Honor, I'm not sure who is
25    being appointed as special representative.
```

1    THE COURT: I believe the proposal that was made
2 had -- was it the Clerk -- who was proposed?
3    MR. STAINTHORP: Yes, I think the City, the Clerk.
4    MR. ENGQUIST: Then your Honor, I believe the City
5 would have an objection to have the Clerk named as a special
6 representative for deceased officers. I know we had that as
7 another issue that popped up in a different case in front of
8 a different judge, Judge Gettleman.
9    MR. STAINTHORP: No, no, no. We're not
10 relitigating. This has been --
11   MR. ENGQUIST: No, I'm just -- that was just --
12   THE COURT: Let's not argue here. I don't
13 recall -- the affidavit I believe is sufficient to establish
14 you did your homework, and I don't expect to have somebody
15 show up on behalf of the estate. Off the top of my head I
16 don't recall who was being proposed, but my recollection was
17 that it wasn't sort of an individual or private attorney,
18 that it was somebody associated with a public office, and
19 there were reasons given for that.
20   Here's what I'm going to do. I'll make this easy
21 enough so that we can all refresh our recollections as to who
22 is being proposed. I'm going to ask -- based on the
23 affidavit that was filed, I'm going to give the other parties
24 a week to lodge any objection to proceeding with an amended
25 complaint that names the special representative that was

1  proposed in the original motion.  And if there is an
2  objection, then I'll rule on it.
3        If there is an objection, my expectation is that
4  whoever is objecting would explain who you think would be a
5  more appropriate representative as well.  And it doesn't need
6  to be a specific person per se, but if the concern is that
7  it's an official capacity person and you think it should be
8  somebody else, whether it's, you know -- if you have a
9  suggestion then you can certainly proceed with that.  I don't
10 know if there are any other cases involving these deceased
11 defendants where they've had to have someone named.
12       MR. STARR:  Okay.
13       THE COURT:  I would think it would be the same
14 person.
15       MR. STAINTHORP:  I'm not aware of any, Judge.  And
16 just to be clear, when we had filed the motion, we said they
17 can name a special representative.  We don't care.  I think
18 it's appropriate to be the City, but if they want to name
19 someone else, go ahead.  We just want to be able to proceed
20 against a special representative.
21       MR. ENGQUIST:  My confusion on that last part, your
22 Honor, was just that when your last order came down I was
23 contacted and they said, well, can you reach out to the
24 widows, do you know who the widows are.  And I was in contact
25 with one of the family members for one of the families, for

1    Cappitelli.  For the other ones I had had no contact with and
2    I didn't have any way to contact them.  So that's why it
3    threw me off by saying, oh, so have the City do it, because
4    we've already reached out to the widow on their behest.  We
5    can deal with that I guess within a week.
6         THE COURT:  What I really need to know is if your
7    concern is that the proposed representative is not
8    appropriate, let me know what steps you're taking.  I do
9    think in the first instance if there is somebody associated
10   with the family that is going to step into that role, whether
11   it's counsel or an actual family member, certainly they
12   should have the opportunity to do so.
13        The point is to have a special representative
14   appointed.  If the objection is to it being an official, but
15   you haven't yet been able to determine the appropriate
16   alternative person within a week, you can state that in your
17   filing, and then we'll get an order in place and try to get a
18   time frame for that to happen.
19        MR. STAINTHORP:  Okay.  Just to be clear, I'm ready
20   now, today, to file an amended complaint just naming the
21   special representative, but my understanding is you want me
22   to wait.
23        THE COURT:  I'll give you a week at least to get
24   the right person in place.  I don't think it affects any
25   issues with the timeliness of anything, it shouldn't be

1   impacting the course of discovery since the special
2   representative is obviously not going to be deposed or
3   probably not producing any documents.  Proper parties I think
4   were named with the substitution and everything has been done
5   in a timely manner so it shouldn't affect any statute of
6   limitations issues.
7           I think you're right to want to get it on file as
8   quickly as possible, but given where you are in discovery and
9   where we are in the course of the case I think it makes sense
10  to allow some additional time to get the right person in
11  place.  Okay?
12          So seven days, which is May 1st, for -- I won't
13  even call it an objection.  Just a response, a -- what should
14  we call it?  We'll call it an objection, by any party with
15  respect to the proposed special representative from the
16  original motion.  And again, I believe the affidavit
17  satisfied the concerns for my ruling, so I think the
18  appropriate issue is just who is going to be appointed.
19  Okay?
20              Did we get a status date, Enjoli?
21              THE CLERK:  July 25, 9:00 a.m.
22              THE COURT:  Any other issues for today?
23              MS. BARBER:  No, your Honor.
24              MR. STAINTHORP:  Not from plaintiff.
25              MR. ZIBOLSKI:  No, your Honor.

| | |
|---|---|
| 1 | MR. ENGQUIST:  No. |
| 2 | THE COURT:  Thank you. |
| 3 | (End of proceedings.) |
| 4 | C E R T I F I C A T E |
| 5 | |
| 6 | I certify that the foregoing is a correct transcript |
| 7 | from the record of proceedings in the above-entitled case on |
| 8 | April 24, 2019. |
| 9 | |
| 12 | /s/Colette M. Kuemmeth___ |
| |     Court Reporter |