**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM NEGRON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 18 C 2701** |
| v. | ) | |
| | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **REYNALDO GUEVARA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

The case is before the Court on defendants' motion to bifurcate the *Monell* claim and stay *Monell* discovery. For the reasons set forth below, the Court grants the motion in part [51].

**Discussion**

In his *Monell* claim, plaintiff alleges that the City has "policies, practices, and customs" of: (1) "fail[ing] to disclose exculpatory evidence;" (2) "fabricat[ing] false evidence;" (3) "pursu[ing] wrongful convictions through profoundly flawed investigations;" and (4) failing "to implement sufficient training or any legitimate mechanism for oversight or punishment" of officers who engaged in such conduct. (ECF 1 ¶¶ 95-97.)

Defendants say the *Monell* claim should be severed for trial from the claims plaintiff asserts against the individual defendants. *See* Fed. R. Civ. P. 42(b) (permitting courts to separate claims for trial "[f]or convenience, to avoid prejudice, or to expedite and economize"). This case, however, is not on the eve of trial. Thus, whether it is appropriate to sever the *Monell* claim for trial and approve the City's proposed limited consent judgment is not ripe at this time.

That does not mean, however, that *Monell* discovery should proceed. *See* Fed. R. Civ. P. 26(c) (giving courts discretion to limit the scope of discovery or specify the time for discovery). Though *Monell* liability is not always contingent on the liability of individual defendants, *see Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 305 (7th Cir. 2010), a successful *Monell* claim still requires a constitutional injury. Plaintiff says defendants violated his constitutional rights by fabricating evidence and intentionally suppressing exculpatory evidence. Given these allegations, it is difficult to conceive of a scenario in which the City would be held liable for these injuries and the individual defendants would not. Thus, in this case, it makes sense to stay *Monell* discovery until discovery on the claims against the individual defendants is completed and any summary judgment motion they may file has been decided. If the individual defendants do not file a motion for summary judgment, or file one that the District Court decides in plaintiff's favor, then *Monell* discovery can begin.

Admittedly, this approach may lead to two rounds of discovery and two summary judgment motions instead of one. But the discovery process will be more efficient and manageable if the first round focuses on the alleged fabrication of evidence and suppression of exculpatory evidence and the second round focuses on the *Monell* claims. Moreover, structuring discovery in this way will not hinder any party's ability to gather evidence in support of their claims or defenses. Accordingly, the Court stays *Monell* discovery until further order of the Court.

## Conclusion

For the reasons set forth above, the Court grants in part defendants' motion to bifurcate the *Monell* claim and stay *Monell* discovery [51]. The motion is granted as to the request for a stay and in all other respects is denied without prejudice. *Monell* discovery is stayed until further order of the Court.

**SO ORDERED.**                                         **ENTERED:   February 27, 2020**


_____
**M. David Weisman**
**United States Magistrate Judge**