# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTO ALMODOVAR, JR. | ) | |
| | ) | Case No. 18 CV 2341 |
| Plaintiff, | ) | |
| | ) | Judge Joan B. Gottschall |
| | ) | Magistrate Judge M. David Weisman |
| vs. | ) | |
| | ) | |
| | ) | |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| WILLIAM NEGRON | ) | |
| | ) | Case No. 18 CV 2701 |
| Plaintiff, | ) | |
| | ) | Judge Joan B. Gottschall |
| | ) | Magistrate Judge M. David Weisman |
| vs. | ) | |
| | ) | |
| | ) | |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR AN EXTENSION OF TIME
## TO COMPLETE FACT DISCOVERY

Defendants Edward Mingey, Mark Olszewski, JoAnn Halvorsen as Special Representative for Ernest Halvorsen, deceased, Reynaldo Guevara, and the City of Chicago (collectively "Defendants"), by their undersigned attorneys, move this Honorable Court to extend fact discovery by 90 days, from July 9, 2021, up to and including October 7, 2021. In support of this motion, Defendants state as follows:

## INTRODUCTION

1. Plaintiffs filed their lawsuits on April 1 and 13, 2018, respectively. *See* Almodovar, Dkt. 1; Negron, Dkt. 1.[1]

2. The parties have diligently worked to comply with the deadline for the close of fact discovery, but for the reasons outlined below, it will not be reasonably practical to conclude fact discovery by July 9, 2021.

## WRITTEN AND PAPER DISCOVERY

3. The parties have produced more than 60,000 documents in paper discovery since October of 2018.

4. The parties conducted extensive initial written discovery, and after the initial discovery demands and disclosures, exchanged correspondence concerning discovery responses and/or requests.

5. Following those exchanges, the parties conducted additional written discovery, with continuing correspondence throughout, to address discovery responses and/or requests, with interrogatories and responses exchanged as recently as June 21, 2021.

6. On July 7, 2021, Plaintiff Almodovar supplemented his Rule 26 disclosures to add 24 witnesses, inclusive of records custodians, medical providers, and Rule 404(b) witnesses. On July 9, 2021, this Court denied Plaintiff Almodovar's motion to reconsider this Court's order requiring him to narrow his 404(b) witnesses. Dkt. 145.

---

[1] Unless otherwise noted, all docket references herein will be to the docket of Almodovar, No. 18 CV 2341.

## DEPOSITIONS

7. The parties have already taken numerous depositions, with all defendants completed. Plaintiff Almodovar is also complete, but Plaintiff Negron still needs to be deposed.[2]

8. In addition, several depositions – specifically Sara Ortiz, Azelia Carillo, Clarence Burch[3], John Callahan[4], Michelle Pitman, Thomas Gibbons, and Leandro Marin - have had to be rescheduled for various reasons[5] and as a result, still need to take place. The parties have been actively working to reschedule each of these depositions and to accommodate the technology, representation, and personal needs of each individual. These individuals are important because of their familial relationships to the parties, their defense and/or prosecution of Plaintiffs' underlying criminal proceedings, and their accounts of facts relevant to Plaintiffs' theories of the cases.

9. The parties also have yet to depose former First Assistant State's Attorney Eric Sussman, who was involved in the agreement between Plaintiffs and the CCSAO to drop all charges against Plaintiffs during their post-conviction proceedings in 2017. His deposition—which was scheduled for May but has since been put on hold—is currently the subject of a pending motion before this Court. *See* Dkts. 138, 143.

10. The parties are also working to set up depositions for the two key eyewitnesses—Kennelly Saez and Jacqueline Grande—who were present for the two murders that are the subject

---

[2] Plaintiff Negron's deposition was scheduled for April 29 but was cancelled by Plaintiff due to illness. Plaintiff offered late June dates for his deposition; however these dates did not work for defense counsel.

[3] Clarence Burch has retained independent counsel, who recently provided defense counsel with deposition dates in late August.

[4] John Callahan and Michelle Pitman are also represented by independent counsel and are not available for depositions until end of July or early August.

[5] The depositions of Mr. Burch, Mr. Callahan, and Ms. Pitman have been delayed due to the parties awaiting the Court's ruling on the death penalty motion. *See* Dkt. No. 133.

of the underlying criminal proceedings against Plaintiffs. Both individuals have been served, but their deposition dates have not been finalized.

11. Furthermore, as previously mentioned, Plaintiff Almodovar disclosed additional records, including medical records, and 404(b) witnesses on July 7, 2021. Due to the very recent nature of these disclosures, Defendants have not yet had the opportunity to confer amongst themselves, or with Plaintiffs' counsel, concerning which of these individuals Defendants will seek to depose.

**REQUEST FOR EXTENSION**

12. This is the fourth request for an extension of fact discovery. *See* Dkts. 40, 101, 131.

13. Defendants seek a 90-day extension for the above-mentioned reasons.

14. This motion is not being made for the purpose of causing undue delay and will not result in prejudice to any party. Defendants believe the remaining depositions outlined above can be completed within the requested time period.

15. Defendants conferred with Plaintiff prior to filing this motion. Plaintiffs believe that a 60-day extension is sufficient to complete the remaining discovery.

16. Defendants also request that Plaintiff Almodovar be required to provide his narrowed list of 404(b) witnesses by July 23, 2021. Defendants conferred with Plaintiff Almodovar on this issue. At the time of this filing, Plaintiff Almodovar has not responded.

17. Defendants also conferred with Plaintiff Almodovar seeking his agreement to be bound to the Agreed Order entered in Plaintiff Negron's case (Dkt. 143). At the time of this filing, Plaintiff Almodovar has not responded.

## **CONCLUSION**

WHEREFORE, for the above-stated reasons, Defendants respectfully request this Honorable Court grant an extension of time to and including October 7, 2021, for the close of fact discovery, and for any other relief this Court deems just and reasonable.

Dated: July 9, 2021

Respectfully Submitted,

CELIA MEZA
Corporation Counsel of the City of Chicago

/s/ Josh M. Engquist
James G. Sotos
JOSH M. ENGQUIST, Attorney No. 6242849
Joseph M. Polick
*One of the Attorneys for Defendants Mingey, Halvorsen, and* Olszewski
Josh M. Engquist
Samantha J. Pallini
**THE SOTOS LAW FIRM, P.C.**
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: 630-735-3300
jengquist@jsotoslaw.com

By: */s/ Eileen E. Rosen*
*Special Assistant Corporation Counsel for Defendant City of Chicago*
Eileen E. Rosen
Catherine M. Barber
Austin G. Rahe
Theresa Berousek Carney
ROCK FUSCO & CONNELLY, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com

DEFENDANT REYNALDO GUEVARA

*/s/ Megan K.McGrath*
Thomas M. Leinenweber
James V. Daffada
Megan K. McGrath
Special Assistant Corporation Counsel
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312) 217-8357