IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ALMODOVAR/WILLIAM NEGRON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 18 CV 2341/18 CV 2701 |
| | ) | |
| v. | ) | Hon. Joan B. Gottschall |
| | ) | |
| REYNALDO GUEVARA, et al. | ) | Maj. Judge M. David Weisman |
| | ) | |
| Defendants. | ) | |

**RESPONDENT'S REPLY IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA
FOR THE DEPOSITION OF ERIC SUSSMAN**

Third Party Respondent Cook County State's Attorney's Office ("CCSAO"), by its attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney, Patrick D. Morris, pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 45, for its Reply in Support of its Motion to Quash the subpoena for Eric Sussman's deposition in the above-referenced case. In support, the Respondent states as follows:

**INTRODUCTION**

The CPD Defendants' response to the CCSAO's Motion to Quash does not refute the underlying motion but instead bolsters it: the CPD Defendants established that they *in fact* intend to elicit privileged information from Sussman, and that they have a complete disregard for the CCSAO's deliberative process privilege. They make no real effort to explain why they are "entitled" to pierce the CCSAO's privilege and fail in their effort to establish waiver. Rather, the CPD Defendants argue that statements allegedly made in a phone call by Sussman to Cook County Circuit Court Judge James Linn, the judge overseeing Plaintiffs' post-conviction hearings, that the State would no longer be pursuing criminal charges, entitles them to discovery as to all of the

"circumstances surrounding Plaintiffs' cases," including any matters protected by the deliberative process privilege.

The CPD Defendants fail to show that any waiver of the deliberative process privilege occurred in this case, or that any allegedly relevant information cannot be obtained by less burdensome means, including through Plaintiffs themselves. Moreover, given the CPD Defendants' history of ignoring court orders in order to elicit privileged information (including from Sussman), and their express statements that they intend to seek such information in this case, the Court should grant the CCSAO's Motion to Quash, or otherwise significantly limit the time and scope of Sussman's deposition, if allowed to proceed.

## ARGUMENT

### I. The CPD Defendants Concede That They Would Seek Privileged Information From Sussman If He Were Allowed To Testify.

The CPD Defendants make clear that they intend to depose Sussman because of his "direct involvement in the CCSAO's decision" to drop charges against Plaintiffs prior to the resolution of their post-conviction hearings, including with respect to any information that is protected by the deliberative process and work product privilege doctrines. [See CPD Defendants' Response to Motion to Quash ("Response"), at pg. 2; Almodovar, ECF No. 143; Negron, ECF No. 144]. However, while the ultimate decision to dismiss criminal charges against the Plaintiffs is not protected by the deliberative process privilege, there can be no dispute that the process itself is. *See Hill v. City of Chicago*, 13 C 4847, 2015 U.S. Dist. LEXIS 190661, at * 10-11 (N. D. Ill. May 28, 2015) (holding that the deliberations underlying a decision to bring criminal charges are privileged). In other words, the CPD Defendants make clear that their main objective in seeking Sussman's deposition is to elicit unquestionably privileged information. In a sleight of hand, the CPD Defendants direct the Court to a nonprivileged statement that Sussman allegedly made to

Judge Linn in a phone call to advise the Court that the State would be dropping charges against Plaintiffs prior to the Court's ruling. (Id.). While Respondent concedes that any statements by Sussman to Judge Linn are not privileged, the CPD Defendants fail to demonstrate that Sussman's statements constitute a waiver as to the decision-making process of the CCSAO. Moreover, Sussman's statements to Judge Linn are already in the CPD Defendants' possession, as they cite to the transcript wherein the statements were memorialized. (Response, pg. 6) (citing Exhibit B).

Thus, it is clear that the only reason the CPD Defendants seek to depose Sussman is to elicit *why* and *how* the CCSAO decided to dismiss the charges against Plaintiffs, and *why* the CCSAO chose not to oppose Plaintiffs' COI. (Response, pg. 5-6).[1] Yet, as set forth in the underlying Motion and in Section II below, the CPD Defendants fail to demonstrate that the CCSAO waived this privilege, and that any other information Sussman may possess is relevant and unavailable to them through other less burdensome means.

For these reasons alone, CCSAO's underlying Motion should be granted.

**II.     The Motion Should Be Quashed Because The CPD Defendants Fail To Demonstrate That The Deliberative Process Privilege Has Been Waived.**

The CPD Defendants put forth insufficient evidence demonstrating that Sussman or any other CCSAO employee waived the deliberative process privilege with respect to the CCSAO's deliberative process in this matter. Rather, the CPD Defendants merely cite to the single alleged phone call with Judge Linn that Sussman made the day prior to the Court's ruling on Plaintiffs' post-conviction hearings. (Response, p. 9-10). Similarly, the CPD Defendants argue that Sussman *may have* made nonprivileged statements to Plaintiffs' defense counsel in order to make a "deal." (Id.). This argument is based entirely on Judge Linn's statements in court that Sussman told him

---

[1] CPD Defendants do not identify *any* alleged waiver of the deliberative process privilege with respect to the COI. Given that the CCSAO did not intervene in the COI proceeding, Sussman could not provide any relevant unprivileged testimony on the matter.

"he wanted to conference in" Plaintiffs' defense counsel, in order to "to let them know that the State no longer wanted to pursue the case..." (Response, pg. 10, citing Exhibit B).

The CPD Defendants argue that these statements to the Court and Plaintiffs' defense counsel, and the circumstances surrounding them, constitute "post decisional" statements and are not otherwise protected by the deliberative process privilege. (Response, pp. 10-11). This is false on its face. Sussman's statements to Judge Linn do not invoke CCSAO internal staff deliberations or communications regarding the decisions not to pursue criminal charges against Plaintiffs. There is no evidence Sussman at any point discussed or revealed the basis and rationale for the CCSAO's decision to no longer prosecute Plaintiffs, or the process in which the CCSAO approached both the post-conviction hearings and the decision to dismiss charges.

Thus, Sussman's alleged statement to Judge Linn, or to Plaintiffs' defense attorneys, does not constitute a waiver of any privileged information.[2] The CPD Defendants made no showing that Sussman can provide relevant evidence that is not "pre decisional" and "deliberative," and cannot otherwise demonstrate that any relevant information must be obtained from Sussman.

### III. The Motion To Quash Should Be Granted Because The CPD Defendants Fail To Demonstrate That The Information Sought Could Not Be Obtained By Less Burdensome Means.

The CPD Defendants argue that Sussman's deposition is critical to their case yet fail to demonstrate why subjecting Sussman to up to seven hours of questioning is necessary when the information they seek could be obtained using less burdensome means. Given that Sussman's alleged comments to Judge Linn appear in official court transcripts, no further discovery is necessary to obtain them. Similarly, any alleged statements to Plaintiffs' defense attorneys can be

---

[2] Again, these conversations with the Court and counsel (if they happened) are not privileged in-and-of themselves, but any questions beyond the factual statements made would invade the deliberative process. All of these factual statements can be gleaned from the record itself or from more convenient sources (such as the parties themselves).

obtained from Plaintiffs and their attorneys. It is no mystery why the CPD Defendants only seek this information from Sussman: they want to question him *only* regarding privileged matters, and to continue to harass him with litigation until they obtain it.

As in *Fulton/Coleman, Brown*, and several other cases, the CPD Defendants continue to harass current or former high-ranking employees with the CCSAO regarding privileged matters. Given the lack of evidence demonstrating that any relevant, nonprivileged information cannot be obtained elsewhere, the CCSAO's Motion to Quash is appropriate under the circumstances. *See In re Bridgestone/Firestone Inc. Tires Prods. Liab. Litig.*, 205 F.R.D. 535, 536 (S.D. Ind. 2002) (holding that barring depositions absent the requisite showing is appropriate because "high level executives are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts.") (citing *Nucap Indus. v. Robert Bosch, LLC,* No. 15 CV 2207, 2017 WL 6059770 (N.D. Ill. Dec. 7, 2017)); *see also* Fed. R. Civ. Pro. 26(2)(C) (stating that "the court must limit the frequency or extent of discovery…if…the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.").

The CPD Defendants argue that they sought, through written discovery, to elicit information from the alleged conversation(s) between Sussman and Plaintiffs' defense attorneys (who also represent them in this matter) that allegedly involved a "deal" to dismiss the criminal charges, but that Plaintiffs' attorneys have refused to provide it on the basis of various privileges. (Response, pg. 4) (citing Exhibit C).[3] However, the CPD Defendants did not demonstrate that they have sought to compel this information. Instead, the CPD Defendants used their time and resources to burden a third-party respondent—without doing anything more than the bare minimum— to

---

[3] The CPD Defendants make no effort to explain why these conversations would be privileged with respect to Plaintiffs' counsel, but not privileged with respect to a third party.

obtain allegedly "critical" information from an actual party to the case. *See Genus Lifesciences Inc. v. Lannett Co.*, No. 18-cv-07603-WHO, 2019 U.S. Dist. LEXIS 222550, at *12 (N.D. Cal. Dec. 30, 2019) (granting motion to quash subpoena from third party for failure to demonstrate that information could not be obtained through opposing party); *Alcon Vision, LLC v. Allied Vision Grp., Inc.*, No. 19-MC-384 (AT), 2019 U.S. Dist. LEXIS 152073 (S.D.N.Y. Sept. 6, 2019) ("[T]he subpoena imposes an undue burden on [the non-party]. To the extent that [the plaintiff] seeks Defendants' representations to [the non-party], [the plaintiff] can obtain that information from Defendants…").

Accordingly, the Motion to Quash should be granted because the CPD Defendants can obtain any relevant, nonprivileged information using less burdensome means.

> **IV. The Motion To Quash Should Be Granted Or The Deposition Significantly Limited Given The CPD Defendants' Continued Efforts To Breach The Deliberative Process Privilege.**

The CPD Defendants argue that any bar or limitation on discovery with respect to Sussman's testimony is not necessary given Sussman is represented by private counsel, and that the CCSAO's privilege concerns are "premature" because any privilege objections can be asserted during the deposition without prior restraint. (Response, pg. 7-8). These arguments against granting the Motion to Quash or limiting the deposition should be disregarded for several reasons. First, neither Sussman (a former employee) nor his private counsel can assert the deliberative process privilege, but rather, only a CCSAO official specifically designated to hold and assert the privilege may do so under the law. *See Evans v. City of Chicago*, 231 F.R.D. 302, 316 (N.D. Ill. 2005*)*; *Ferrell v. United States HUD*, 177 F.R.D. 425, 428 (N.D. Ill. 1998).[4]

---

[4] While not explicitly stated in their Response, it appears that the CPD Defendants intend to attempt to exclude counsel for the CCSAO (as opposed to Sussman's personal counsel) from Sussman's deposition, if allowed. However, only the CCSAO, and not Sussman or his counsel, has the authority to assert and protect the privilege. As such, in the

Second, neither the presence of Sussman's private counsel nor a formally designated official of the CCSAO at the deposition will deter the CPD Defendants from attempting to elicit privileged information. In fact, even with restraints imposed by the Court in *Fulton/Coleman*, these same Defendants (with the same law firm involved) made multiple concerted efforts to thwart the protections put in place by the Court. (Def. Motion to Quash, pg. 3, fn 3) (stating that the CCSAO had to direct Sussman not to answer on numerous occasions due to the CPD Defendants concerted effort to force a waiver of the deliberative process privilege). For example, left with unfettered time constraints, the CPD Defendants asked irrelevant and improper questions, such as how ASAs other than Sussman "felt" about the ultimate decisions of the CCSAO. (*Id.*). Without the protections imposed by this Court, the objectionable questioning would likely have been significantly worse.

Moreover, in *Fulton/Coleman*, the CPD Defendants abused the process by soliciting privileged testimony from Sussman regarding unrelated cases during the seven-hour plus deposition, despite a court-order prohibiting them from doing so. The CPD Defendants then used Sussman's answers in that deposition to argue that Sussman waived the deliberative process privilege with respect to separate proceedings in *Solache/Reyes v. Guevara,* et al., Case No. 18-cv-1028/18-cv-2312. The CPD Defendants are currently using that deposition to argue CCSAO waived its privilege in the *Solache/Reyes* matter. *See* Case No. 18-cv-2312, Docket No. 311, pp. 6-7. Given their past efforts, it is expected that the CPD Defendants will attempt to overstep again in this case, and then use the transcript in the instant case to argue waiver in another unrelated case somewhere down the line.

---

event that this Court orders Sussman to sit for deposition, the CCSAO prays that it also orders a CCSAO attorney must be permitted to attend and object on the record to protect the CCSAO's deliberative process.

As such, in the event that this Court denies the CCSAO's Motion to Quash and orders the deposition to go forward, it should be limited to two (2) hours with very specific parameters for the line of allowable questioning, including but not limited to: no questions regarding the decision-making process to dismiss criminal charges; no questions regarding the CCSAO's decision-making progress involving any post-conviction or Certificate of Innocence proceedings; and no questions regarding the civil or criminal cases of third parties.

### III. Conclusion

For the reasons set forth herein, and in the underlying brief, the Motion to Quash should be granted.

Date: July 15, 2021

Respectfully submitted,

KIMBERLY M. FOXX

*Patrick D. Morris*
Assistant State's Attorney
Conflicts Counsel Unit
50 West Washington, Suite 2760
Chicago, IL 60602
O: 312-603-1426
C: 708-642-0616

*On behalf of the Respondent Cook County State's Attorney's Office*