# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERTO ALMODOVAR, JR. ) | |
| ) | Case No. 18 CV 2341 |
| Plaintiff, ) | |
| ) | Judge Joan B. Gottschall |
| ) | |
| vs. ) | Magistrate M. David Weisman |
| ) | |
| REYNALDO GUEVARA, et al. ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| WILLIAM NEGRON ) | |
| ) | Case No. 18 CV 2701 |
| Plaintiff, ) | |
| ) | Judge Joan B. Gottschall |
| ) | |
| vs. ) | Magistrate M. David Weisman |
| ) | |
| REYNALDO GUEVARA, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER FOR THE DEPOSITION OF SURVIVING VICTIM

Defendants Edward Mingey, Mark Olszewski, JoAnn Halvorsen as Special Representative for Ernest Halvorsen, deceased, Reynaldo Guevara, and the City of Chicago (collectively, "Defendants"), by and through their respective undersigned counsel, respectfully move this Court pursuant to FED. R. CIV. P. 26 (c)(1)(E) for entry of a protective order barring Plaintiff Roberto Almodovar, Jr. ("Almodovar") from being present at the deposition of the surviving victim, Jacqueline Grande ("Jackie"). In support, Defendants state:

1

**FACTUAL BACKGROUND**

In the early morning hours of September 1, 1994, Amy Merkes, Jorge Rodriguez, Kennelly Saez, and Jackie were standing outside an apartment building in northwest Chicago, when several shots were fired from a blue Oldsmobile occupied by three individuals. *See Almodovar* Dkt. 1, at ¶ 33-39. Saez was not hit, but Merkes and Rodriguez were killed, and Jackie was hospitalized with gunshot wounds. *See id.*, at ¶ 39-40. Plaintiffs Almodovar and Negron were convicted of the murders of Merkes and Rodriguez as well as the attempted murders of Saez and Jackie. *See id.*, at ¶ 1.

Jackie provided descriptions of the perpetrators to police. *See Almodovar* Dkt. 1, at ¶ 41-42. Thereafter, she made an identification of Plaintiffs in both a photo array and a live lineup, maintaining those identifications during a June 9, 1995 suppression hearing, the November 29, 1995 criminal trial, and a November 2, 2015 post-conviction proceeding. *See id.*, at ¶ 57-63; Ex. B, Testimony. Jackie is an undisputed eyewitness to and victim of the shooting, and her deposition testimony in the instant actions is critical.

Counsel for the parties have been seeking to coordinate Jackie's deposition since at least 2019. Jackie no longer lives in the Midwest, and Covid-19 presented obvious complications in moving forward with her deposition. However, counsel have been in contact with Jackie, and defense counsel has tentatively scheduled her deposition for September 15, 2021. In July 2019, counsel for the parties discussed Jackie's concerns about whether Plaintiffs would be present at her deposition, as she expressed fear for her safety and wellbeing. At that time, defense counsel recalls all counsel informally agreeing that none of the actual parties would be present at the deposition, and that only counsel would attend.

On August 23, 2021, while the attorneys were coordinating Jackie's in-person out-of-

state deposition, defense counsel Josh Engquist attempted to confirm the prior agreement to have no parties present and only counsel in attendance. *See* Ex. A, Email Chain. In response, counsel for Plaintiff Almodovar expressed that she has no recollection of such a conversation, that she objects to preventing Plaintiff Almodovar from attending in-person, and that she is "sympathetic Ms. Grande does not want to look the man in the eyes who was nearly murdered by the State as a result of her testimony, but that's her problem." *See* Ex. A. Based on this statement, defense counsel Engquist informed all counsel he would reach out to Jackie again about her concerns. *See* Ex. A.

Later that same day, defense counsel Engquist spoke with Jackie by telephone. Jackie reiterated that she feared for her and her family's safety and wellbeing, should Plaintiffs attend her deposition, and that the presence of the men she maintains shot her and killed her friends will be very upsetting and fear-inducing. Defense counsel then informed Plaintiffs' counsel that Jackie maintained her concerns and that Defendants intended to file this motion as a result. Counsel for Plaintiff Almodovar responded that this is a "deposition of a key witness who ironically almost killed my client" and stated that Almodovar's position on the matter had not changed. *See* Ex. A. Counsel for Plaintiff Negron responded that Negron did not intend to be present for Jackie's deposition but that he supported Almodovar's position.[1] *See* Ex. A. Counsel have fully conferred pursuant to FED. R. CIV. P. 26(c)(1), are at an impasse, and thus Defendants seek a protective order to bar Plaintiff Almodovar from attending Jackie's deposition.[2]

---

[1] Because counsel for Plaintiff Negron has stated he will not be in attendance, Defendants are only moving as to Plaintiff Almodovar.

[2] None of the named Defendants will be attending the deposition, and defense counsel has so informed Plaintiffs' counsel.

3

## ARGUMENT

Courts enjoy broad discretion in the supervision of discovery. *See Jones v. Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013). It is plainly within the court's discretion to issue a protective order for good cause to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…designating the persons who may be present while the discovery is conducted." FED. R. CIV. P. 26(c)(1)(E). Courts regularly exercise their discretion to "impose [] safeguards and conditions" on depositions in order to "mitigate the concerns that the party has expressed." *See Stanek v. St. Charles Comm. Unit School Dist. 303*, 2020 WL 1304828, at *4 (N.D. Ill. March 19, 2020) (citing *Campos v. Webb Cty. Tex.*, 288 F.R.D. 134, 138 (S.D. Tex. 2012) (collecting cases)). The movant seeking a protective order must demonstrate good cause for why such an order should be entered. *See Stanek*, 2020 WL 1304828, at *3 (citing *Global Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015)). To establish good cause, courts seek a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements[.]" *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102, n.16 (1981) (citation omitted).

While parties can attend depositions taken in their own matters, that attendance is not an absolute right. *See, e.g., Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) (holding the district court had authority to bar a party from attending a deposition taken in their case); *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4, n.1 (D.C. Cir. 2008) (same); *In re Shell Oil Refinery*, 136 F.R.D. 615, 617 (E.D. La. 1991) (same). Courts have routinely held that a variety of circumstances—including, the possibility of influenced testimony via intimidation, the effect on the deponent's mental and/or physical health, and the nature of the relationship between the movant and the individual they seek to bar—can warrant the issuance of a protective order,

provide the basis for good cause, and result in the barring of a party from a deposition taken in their case. *See Monroe v. Sisters of Saint Francis Health Services, Inc.*, 2010 WL 4876743, at *2 (N.D. Ind. Nov. 23, 2010) (granting motion for a protective order and holding that the "presence of the supervisors [at the plaintiff-employee's deposition] could have an intimidating effect on his testimony and negatively impact [his] health"); *Tolbert-Smith*, 253 F.R.D. at 3 (where a plaintiff was suing her former employer for retaliatory discharge, the court barred the deposition attendance of two former supervisors who were central to her claims); *Dade v. Willis*, 1998 WL 260270, *2 (E.D. Pa. Apr. 20, 1998) (excluding police officers from a victim's deposition in an excessive force case, where the officers' presence could intimidate and/or affect the accuracy of the victim's testimony); *In re Shell Oil Refinery*, 136 F.R.D. at 617 (excluding corporate representatives on the basis of their intimidating influence on the deponent's testimony).

Jackie was shot and wounded in the early morning hours of September 1, 1994, and two of her friends were shot and killed before her eyes. For the more than 25 ensuing years, and still to this date, Jackie has consistently maintained that Plaintiffs were the perpetrators. As early as July of 2019, and as recently as August 23, 2021, Jackie expressed to defense counsel Engquist that she is afraid to appear for her deposition if Almodovar and Negron are present. Specifically, she expressed she is afraid (1) for her own safety and wellbeing, as the parties would be traveling to Jackie's location to conduct her deposition in-person after she has moved away from the Midwest, (2) that being physically present with the individuals she has repeatedly identified as having shot her and killed her friends will be very upsetting and fear-inducing, and (3) for the safety and wellbeing of her family, as they moved with her away from the Midwest to her new state of residence. Notably, during her testimony in Plaintiffs' 2015 post-conviction proceeding, Jackie broke down on the stand during her questioning, told the court twice she did not want to

5

be there, and testified that individuals purportedly representing Plaintiffs came to her home on numerous occasions uninvited and without notice. *See* Ex. B, at 14:17-23, 17:2, 46:13-47:2. She testified that on one instance, a representative of Plaintiffs stuck their foot in her door and wouldn't leave; and on another occasion, a representative of Plaintiffs first said she was an old friend of Jackie's in order to get Jackie to come to the door and speak with her. *See* Ex. B, at 15:14-16:17, 57:2-21.

Good cause exists for entry of a protective order for Jackie's deposition based on the nature of the relationship between Jackie and Almodovar, the historical evidence, and the extreme emotional toll on Jackie. First, Jackie is a shooting victim who witnessed the death of her two friends. She has consistently, for more than 25 years, identified Plaintiffs as the perpetrators, most recently in 2015 when she identified Plaintiff Negron in open court during the post-conviction hearing.[3] *See* Ex. B, at 12:20-14:1. Since July of 2019, when the parties first discussed this matter, Jackie has expressed her fear and concern about Plaintiffs being present at her deposition. She should not have to be intimidated by the presence of Almodovar at her deposition in these actions in a manner which could plainly affect her testimony. This is especially true given that Almodovar has claimed he is innocent of the crimes, and thus, has no personal knowledge to add to his attorney's approach to the deposition beyond mere intimidation. And the concern about intimidation is not speculative. Indeed, Almodovar's counsel made this clear when she wrote that Plaintiff Almodovar intends to have Jackie "look the man in the eyes who was nearly murdered by the State as a result of her testimony" and that any fear she may be experiencing is "her problem." *See* Ex. A.

---

[3] Plaintiff Almodovar was not present in court for this hearing.

Second, it is apparent from her testimony at the post-conviction hearing that Jackie feels unsafe. People over the years have come to her home, even out-of-state, to question her on behalf of Plaintiffs–even going so far as to operate under the guise of being an old friend and sticking their foot in her door when she asked them to leave. That sworn testimony provides specific evidence that further justifies Jackie's fear for herself and her family.

Finally, the emotional toll is apparent: Jackie is being asked by Almodovar's counsel to "look the man in the eyes" who she has consistently maintained—to this day—*shot her*. Grande has never recanted or retreated from her sworn testimony that Plaintiffs are the perpetrators. Because Almodovar claims he is innocent, and has testified to having no personal knowledge of the crimes that would aid his attorneys in taking Jackie's deposition, the necessity of his presence at the deposition is dubious. Indeed, the only reason given by Almodovar's counsel for his attendance is that Jackie should have to "look the man in the eyes who was nearly murdered by the State as a result of her testimony[.]" *See* Ex. A. Thus, good cause exists for entry of the protective order, based on counsel for Almodovar's own representation.

Additionally, Almodovar will not be prejudiced if he is not allowed to be present. This motion is being filed in advance of the anticipated September 15th deposition. Almodovar's counsel will be present in-person and will surely zealously advocate for her client—a position unaffected by Almodovar's absence because he maintains his innocence and admittedly lacks personal knowledge that might otherwise aid his counsel. And furthermore, Jackie's deposition will be videotaped, and Almodovar will have the opportunity to review it at a later date.

The parties conferred in good faith to resolve this matter without court intervention, pursuant to FED. R. CIV. P. 26(c)(1), but were unable to do so and are at an impasse. *See* Ex. A.

7

WHEREFORE, Defendants respectfully request this Court grant their motion for entry of a protective order barring Plaintiff Roberto Almodovar, Jr. from being present, in person or remotely, at the deposition of surviving victim Jacqueline Grande, and for such further relief as this Court deems just and appropriate.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Samantha J. Pallini<br>SAMANTHA J. PALLINI<br>Special Assistant Corporation Counsel<br>*One of the Attorneys for Individual Defendants*<br>James G. Sotos<br>Joseph M. Polick<br>Josh M. Engquist<br>Samantha J. Pallini<br>THE SOTOS LAW FIRM, P.C.<br>141 W. Jackson, Suite 1240A<br>Chicago, Illinois 60604<br>(630) 735-3300<br>spallini@jsotoslaw.com | CELIA MEZA,<br>Corporation Counsel for City of Chicago<br><br>/s/ Eileen Rosen<br>EILEEN ROSEN<br>Special Assistant Corporation Counsel<br>*One of the Attorneys for City of Chicago*<br>Eileen E. Rosen<br>Catherine M. Barber<br>Theresa B. Carney<br>Austin G. Rahe<br>Rock Fusco & Connelly, LLC<br>312 N. Clark, Suite 2200<br>Chicago, IL 60654<br>(312) 494-1000<br>erosen@rfclaw.com |
| Respectfully submitted,<br><br>/s/ Megan K. McGrath<br>MEGAN K. McGRATH<br>*One of the Attorneys for Defendant Guevara*<br>Thomas M. Leinenweber<br>James V. Daffada<br>Megan K. McGrath<br>Kevin E. Zibolski<br>Michael J. Schalka<br>Leinenweber Barone & Daffada LLC<br>120 N. LaSalle St.<br>Suite 2000<br>Chicago, IL 60602<br>(847) 251-4091<br>mkm@ilesq.com | |