# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTO ALMODOVAR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-cv-02341 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| WILLIAM NEGRON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-cv-2701 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Cook County State's Attorney's Office ("CCSAO") asks the Court to quash or modify the deposition subpoena defendants served on former Assistant Cook County State's Attorney, Eric Sussman. For the reasons set forth below, the Court denies the motion to quash [138] but issues a protective order modifying the scope of the subpoena.

## Background

In April 2017, Eric Sussman was the lead prosecutor in plaintiffs' postconviction proceedings in state court. Shortly after the hotly contested, years-long proceedings concluded, the presiding judge, James Linn, said Sussman had called and asked him "[not] to rule on the merits" because "the State no longer wanted to pursue the case." (ECF 143-3 at 2). Judge Linn said he was "stunned and dismayed" by Sussman's call, given the length and intensity of the proceedings. (*Id.* at 3.) Nonetheless, he granted the state's motion to vacate plaintiffs' convictions. (*Id.* at 3-4.) Subsequently, without objection from the CCSAO, the state court issued certificates of innocence ("COIs") to plaintiffs.

**Discussion**

The CCSAO first argues that the subpoena to Sussman should be quashed because he was a high-ranking state official. A court may prevent a high-level government official from being deposed if: (1) the official has no unique personal knowledge of the matter; (2) the information sought can be obtained from other witnesses or through other discovery methods; or (3) sitting for the deposition would impose a hardship in light of the officer's other duties. *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 868528, at *1 (N.D. Ill. Feb. 21, 2020). None of these circumstances exist here. As the prosecutor in plaintiffs' post-conviction proceedings and the person who asked Judge Linn not to issue a ruling, Sussman has unique, personal knowledge about the facts underlying the CCSAO's decisions to vacate the convictions and not oppose the petitions for COIs. Moreover, defendants' attempts to obtain some of this information from plaintiffs have been rebuffed. (*See* ECF 143-4, 143-5.) Finally, because Sussman is no longer employed by the CCSAO, deposing him will not impose a hardship on the CCSAO. Thus, Sussman's status as a former high-ranking official is not a basis for quashing the subpoena.

The CCSAO also argues that the subpoena should be quashed because Sussman's testimony is subject to the deliberative process privilege, which "protects [from disclosure] communications that are part of the decision-making process of a governmental agency."[1] *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993); *see Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (stating that the deliberative process privilege applies to information that reflects "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (quotation omitted). To assert the privilege, "'the department head with control over the matter must make a formal claim of privilege[,] . . . the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the [contested information]; and . . . the official must specifically identify and describe the [information].'" *Rodriguez v. City of Chi.*, 329 F.R.D. 182, 186 (N.D. Ill. 2019) (quoting *K.L. v. Edgar*, 964 F. Supp. 1206, 1208 (N.D. Ill. 1997)). If the agency asserting the privilege makes these showings, the party seeking the discovery must show that it has a "particularized need for the information" that outweighs the agency's need for confidentiality. *K.L.*, 964 F. Supp. at 1209.

The CCSAO asserts the deliberative process privilege via the declaration of Jessica Scheller, the Chief of the Advice, Business & Complex Litigation Division of the Civil Actions Bureau, who says she is "the decision-maker responsible for asserting or waiving deliberative process and/or other applicable privileges when producing documents or witnesses for testimony." (*See* ECF 138-2 ¶¶ 1, 3.) She claims that the deliberative process privilege applies to testimony about the CCSAO's decision to drop the charges against plaintiffs and the CCSAO's position on plaintiffs' petitions for COIs. (*Id.* ¶¶ 5, 6.) She further avers that the CCSAO preserves the confidentiality of such information because divulging the process by which the CCSAO makes such determinations "would open the process up to outside influence." (*Id.* ¶ 6.)

---

[1] The mental processes privilege, which applies to deliberations by a government official involved in making an official decision, is co-extensive with the deliberative process privilege. *See U.S. Lake Cnty. Bd. Of Comm'rs*, 233 F.R.D. 523, 527 (N.D. Ind. 2005) ("[W]here the mental processes privilege is available, the analysis is the same as that for the deliberative process privilege").

The Court agrees that the privilege bars defendants from asking Sussman about the discussions and deliberations within the CCSAO that preceded the decisions to dismiss the charges against plaintiffs and not to oppose their petitions for COIs. But the deliberative process privilege "typically does not justify the withholding of purely factual material." *Enviro Tech Int'l, Inc. v. U.S.E.P.A.*, 371 F.3d 370, 374 (7th Cir. 2004); *see DeLeon-Reyes v. Guevara*, 18-cv-1028, ECF 457 (finding "the evidence sought by the Sussman subpoena . . . relevant and not entirely shielded by privilege"); *Fulton v. City of Chi.*, 17-cv-8696, ECF 293 (N.D. Ill. Dec. 4, 2020) (denying motion to quash but prohibiting defendants from eliciting testimony by Sussman that was protected by deliberative process privilege and work product doctrine). Thus, it is not a basis for quashing the subpoena to Sussman in its entirety.[2]

Alternatively, the CCSAO asks the Court to limit the topics on which Sussman may be questioned. (ECF 138 at 9 n.3.) The Court grants this request and modifies the subpoena as follows. First, counsel for the CCSAO will be permitted to attend Sussman's deposition to raise its privilege objections on the record. Second, the parties may question Sussman about: (1) the facts underlying the CCSAO's decision to dismiss the charges against plaintiffs and to accede to their requests for COIs; (2) his phone call and conversation with Judge Linn regarding this matter; and (3) information that would otherwise be privileged but has been disclosed by Sussman or other current or former members of the CCSAO in statements to the public, to plaintiffs' counsel, or in prior depositions. Questions about information that remains privileged are not permitted. To the extent there are disputes about which questions implicate a privilege, counsel should preserve their objections on the record and, if necessary, contact the Court during the deposition for rulings.

## Conclusion

For the foregoing reasons, third party respondent CCSAO's motion to quash the subpoena for the deposition of Eric Sussman [ECF 138] is denied but its alternative request to limit and modify the subpoena is granted.

**SO ORDERED.**     ENTERED: September 20, 2021

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**

---

[2] The CCSAO also contends that the work product privilege precludes Sussman's deposition. Because the CCSAO's three-sentence "argument" on this privilege is wholly undeveloped (*see* ECF 138 at 10), it is waived. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (stating that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").