*Almodovar v. Guevara, et al.*
Case No. 18 CV 2341

*Negron v. Guevara, et al.*
Case No. 18 CV 2701

# EXHIBIT 42

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERTO ALMODOVAR, JR. ) | |
| ) | Case No. 18 CV 2341 |
| Plaintiff, ) | |
| ) | Judge Joan B. Gottschall |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| REYNALDO GUEVARA, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ERNEST HALVORSEN'S ANSWERS TO**
**PLAINTIFF ALMODOVAR'S FIRST SET OF INTERROGATORIES**

Defendant Ernest Halvorsen, by his attorneys, The Sotos Law Firm, P.C., answers Plaintiff Almodovar's First Set of Interrogatories as follows:

**Objections to Definitions and Instructions**

Defendant Halvorsen objects to Plaintiff's definitions and instructions, as vague and ambiguous, over broad in scope, time, and subject matter, unduly burdensome, duplicative, and not provided for or required under FED. R. CIV. P. 34. Defendant Halvorsen further objects to Plaintiff's definitions and instructions as follows, and incorporates all objections into each and every answer herein as though fully stated therein.

**INTERROGATORIES**

1. Please identify all persons who, to the best of Your understanding, have knowledge of facts that relate to any of the claims or defenses in this action. This request includes but is not limited to those Persons listed in the Defendants' Rule 26 Initial Disclosures. For each Person with knowledge responsive to this interrogatory, please describe with

particularity facts known by each such Person, including all categories of facts about which the Person may be competent to testify at trial. If this Interrogatory is answered by incorporating Documents, please state whether there are facts known to any witness relating to the claims or defenses in this action that are not reflected in the documents upon which You rely; in the event You fail to do so, Plaintiff will assume the substance of the witnesses' testimony is strictly limited to what is contained in such documents.

**ANSWER**: Defendant Halvorsen objects to this interrogatory to the extent it requests the home addresses of the individual defendant officers, other police personnel, or other City employees on the grounds that such information is irrelevant, not proportional to the needs of this case, and could pose a risk to them and/or their families. Defendant Halvorsen further objects to this interrogatory as overly broad and unduly burdensome to the extent that if it is answered by incorporating documents it requires Defendant Halvorsen to possess knowledge of "any additional Persons who are not listed in the Documents," and any "category of facts" known to the witnesses beyond the information contained in the documents. Defendant Halvorsen further objects to the term "any category of facts" as vague and ambiguous. Subject to and without waiving these objections, Defendant Halvorsen refers Plaintiff to the witnesses set forth in Defendants' Joint Initial Rule 26(a) Disclosures and the persons named in the documents produced with Defendants' Joint 26(a) Disclosures Bates stamped RFC-Almodovar/Negron 000001 - 000281, previously produced. Defendant Halvorsen also refers plaintiff to Plaintiffs Almodovar and Negron's respective Rule 26(a) Disclosures and documents previously produced by Plaintiffs. Investigation continues.

2. If any Document requested in Plaintiff's discovery requests has been lost, discarded or destroyed, please identify each such Document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for losing, discarding, or destroying the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it. In answering this Interrogatory, please list all steps taken to discover documents that have been lost, discarded or destroyed, and the names of the individuals who took those steps.

**ANSWER:** Defendant Halvorsen objects to this interrogatory as to the terms "any Document requested," over broad as to time frame and scope, unduly burdensome, premature, and not proportional to the needs of the case. Defendant Halvorsen also objects to this interrogatory to the extent it requests information that is within the knowledge of other parties to this action or third parties. Subject to and without waiving these objections, Defendant Halvorsen states the information requested is presently unknown because discovery is in its early stages. Investigation continues.

3. Please identify all Complaints that have ever been made against You relating to Your role as a law enforcement official, including but not limited to any and all internal affairs, COPA, IPRA, OPS, intra-or inter-departmental, citizen complaints, or court complaints and lawsuits alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment of evidence, or any form of misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including any discipline imposed in connection with each Complaint. If You do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:** Defendant Halvorsen objects to this interrogatory as vague and ambiguous as to the terms "all Complaints that have ever been made," over broad in scope, time and subject matter, unduly burdensome, and not proportional to the needs of the case. Defendant Halvorsen additionally objects to "lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct" as irrelevant, and not proportional to the needs of the case as it could include motions to suppress and motions to quash which are routine in criminal court, and requesting information that is equally available to Plaintiff. Defendant Halvorsen further objects to this interrogatory's request to be specifically answered under oath because unsworn declarations or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. §1746. Subject to and without waiving the objections herein, Defendant Halvorsen states that complaint register histories, SPAR histories, and complaint

register files will be produced under an appropriate protective order. In further answer to this interrogatory, Defendant Halvorsen states that, subject to the Confidentiality Order entered in this case, the Clear reports for log files of CRs will be produced. Answering further, Defendant Halvorsen reserves the right to withhold responsive documents on the basis of the attorney-client and attorney work product privileges, and any other recognized common law or statutory privileges, and will produce a privilege log in the event any documents are withheld. . Defendant Halvorsen further states that in addition to Plaintiff's lawsuit he recalls being named as party-defendant in the following lawsuits alleging police misconduct: *Solache v. City of Chicago, et al*, 18 cv 2312; *Reyes v. Guevara, et al.*, 18 cv 1028; *Sierra v. Guevara, et al.*, 18 cv 3029; *Serrano v. Guevara, et al.,* 17-cv-2869, *Montanez v. Guevara, et al*, 17-cv-4560, *Negron v. Guevara, et al.*, 18-cv-2341, *Maysonet v. Guevara, et al.*, 18-cv-2342, *Rodriguez v. Woodall, et al.,* 03-cv-3880, and *Rodriguez v. County of Cook, et al.,* 10-cv-4207. Investigation continues.

4. Please identify every Communication that You have had with any Person, including but not limited to Plaintiff and any of the Individual Defendants, about any of the allegations, events, or circumstances described in Plaintiff's Complaint. For each such Communication, please: (a) provide a summary of the Communication; (b) identify when, with whom, and in what medium (in person, phone, email, text, etc.) the Communications occurred; and (c) provide the date of the Communication. If You answer this Interrogatory by referring to Documents, please identify the document and affirm that the sum total of Your Communications responsive to this Interrogatory are contained in the Documents that You reference.

**ANSWER:** Defendant Halvorsen objects to this interrogatory as vague and ambiguous as to the terms "the allegations, events or circumstances described in Plaintiff's Complaint" and "sum total," over broad and unduly burdensome in scope of subject matter and time. Defendant Halvorsen further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product privileges, and any other recognized common law or statutory privileges. Defendant Halvorsen also objects to this interrogatory's request to be specifically answered under oath because unsworn declarations or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. §1746. Subject to and without waiving these objections, Defendant Halvorsen states that, to the best of his current memory, he has discussed Plaintiff's claims of misconduct against him with his attorneys. Defendant Halvorsen also refers Plaintiff to the Investigative file (RFC-Almodovar/Negron 00001-00074). Investigation continues.

4

5. Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the individual who has been convicted and the nature of the conviction and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that Your duty to supplement Your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move in *in limine* to bar any references to convictions not identified in the manner requests.

**ANSWER:** Defendant Halvorsen objects to this interrogatory as not proportional to the needs of the case to the extent it requests "all criminal convictions," requesting information protected by the attorney work product privilege, premature, requesting information equally available to Plaintiff, and requesting information beyond that required by Federal Rule of Evidence 609. Subject to and without waiving these objections, Defendant Halvorsen states that any criminal convictions he intends to use as evidence will be disclosed with the filing of the final pre-trial order. Investigation continues.

6. Do You contend that Roberto Almodovar committed any of the illegal acts with which he was prosecuted in *People v. Almodovar*, Case No. 94 CR 24318 or any illegal act relating to the incidents in Plaintiff's Complaint? If so, please describe each alleged illegal act that You contend was committed by Roberto Almodovar, provide the complete factual basis for Your contention, and identify all evidence and witnesses upon which You may rely to support Your contention. For all affirmative defenses that You have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that You provide a detailed

5

description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if You intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER**: Defendant Halvorsen objects to the combination of two specific but unrelated interrogatories -- one a contention interrogatory regarding Plaintiff's commission of illegal acts, and a second interrogatory regarding affirmative defenses -- into a single interrogatory in violation of Federal Rule of Civil Procedure 33.

Defendant Halvorsen objects to the contention interrogatory regarding Plaintiff's commission of illegal acts as premature because discovery is ongoing, to the extent that it seeks information protected by the attorney-client and attorney work product privileges, and also as vague and ambiguous as to the terms "any illegal act relating to the incidents in Plaintiff's Complaint." Subject to and without waiving these objections, Defendant Halvorsen states that he was not present when Amy Merkes, Jorge Rodriguez, and Jackie Grande were shot, and thus he does not have personal knowledge of whether Plaintiff shot Amy Merkes and/or Jorge Rodriguez and/or Jackie Grande. Defendant Halvorsen states that the evidence that Plaintiff was involved in the shooting of Amy Merkes, Jorge Rodriguez, and Jackie Grande includes, but is not limited to, his statement, the statements of other persons charged, and witness statements given to police and prosecutors. Investigation continues.

Defendant Halvorsen objects to the interrogatory regarding affirmative defenses to the extent it violates the attorney-client privilege, and because it seeks information, theories, and strategies protected by the attorney work-product privilege. Defendant Halvorsen also objects to this interrogatory as premature as discovery is ongoing and facts, information, and evidence are being gathered. Subject to and without waving these objections, Defendant Halvorsen states that the Individual Defendants' affirmative defenses are based on the facts and circumstances surrounding the incident which is the subject of Plaintiff's complaint and refers Plaintiff to those witnesses and documents identified in the parties' 26(a) Disclosures.

7. For punitive damages purposes, please estimate Your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater

than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including Your annual salary and any income from any other source for those years.

**ANSWER:** Defendant Halvorsen objects to this interrogatory as premature, over broad in scope as it seeks assets that would be exempt from a potential punitive damages award, and in time as it seeks an income statement for the five years prior to the filing of Plaintiff's Complaint. Subject to and without waiving these objections, Defendant Halvorsen has not yet determined whether he will seek to introduce evidence of his financial net worth in defense of the claim for punitive damages. If Defendant Halvorsen determines such evidence will be presented, he will supplement his response to this interrogatory.

8. Given the sum total of Your personal knowledge of the policies, customs, and practices of the City of Chicago as You understand them (formal or informal, written or unwritten), please state whether You or any of the other Defendants acted inconsistently with any of those policies, customs, or practices at any time during the entire encounter or interaction with Plaintiff described in Plaintiff's Complaint, during the Roberto Almodovar Investigation or at any time up to the reversal of Roberto Almodovar's conviction. If the answer is in the affirmative, please: (a) identify any particular policy, custom, or practice which, to Your knowledge was violated; (b) describe the circumstances and manner in which said policy, custom, or practice was violated, including which Defendant violated the policy; and (c) state whether any discipline resulted from that violation.

**ANSWER:** Defendant Halvorsen objects to this interrogatory as vague and ambiguous as to the terms "sum total," "act inconsistently," and "policies, customs, or practices (formal or informal, written or unwritten)," irrelevant, and over broad as to scope and topic areas. Subject to and without waiving these objections, Defendant Halvorsen states he does not believe he "acted inconsistently" with Chicago Police Department policies, and is not aware of any other Individual Defendant who "acted inconsistently" with Chicago Police Department policies during the homicide investigation under RD# Y405585. Investigation continues.

9. Please state with specificity each activity and investigative task that You participated in during the Roberto Almodovar Investigation. For each activity and task, please describe the Person who assigned You the task and the Person to whom You reported for the task. Please note that the scope of this Interrogatory includes any investigation undertaken at any time from September 1, 1994 up to and including the present day, including but not limited to, arrests, lineups, photo-arrays, show-ups, interrogations. If You answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of Your participation in the Roberto Almodovar investigation is described in the Documents that You reference. For each activity or task, include the name of the individuals involved, date, time, location, and any relevant document and communication generated as a result of the aforementioned activity or task.

**ANSWER:** Defendant Halvorsen objects to this interrogatory as vague as to the terms "activity, action, or task" and "sum total," over broad in scope and timeframe, and unduly burdensome in that it seeks a narrative that is better suited to a deposition. Defendant Halvorsen also objects to this interrogatory's request for an affirmation under oath if reference is made to documents because unsworn declarations or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. §1746. Subject to and without waiving these objections, Defendant Halvorsen refers plaintiff to the Investigative File (Bates stamped RFC-Almodovar/Negron 000001 - 000281). Investigation continues.

10. Please state all cell phone numbers and cell phone providers that You, and each of Your immediate supervisors, used at any time between September 1, 1994 and the present day. This request includes both work-issued and personal cell phone numbers and providers.

**ANSWER:** Defendant Halvorsen objects to this interrogatory as over broad as to time frame and scope, unduly burdensome based upon the 24 year time period requested, and not proportional to the needs of the case. Additionally, Defendant Halvorsen objects because the disclosure of any of his telephone numbers, telephone company providers, or account numbers of any telephone accounts are not relevant or proportional to the needs of this litigation because there are no

allegations in the complaint that the Defendant Officers used cellular telephones during the murder investigation at issue in this litigation. Defendant Halvorsen also objects to producing any police or personal cellular telephone numbers as doing so would implicate safety concerns for the Defendant Officers and their families. Subject to and without waiving said objections, Defendant Halvorsen did not have a cellular telephone provided by the Chicago Police. Defendant Halvorsen did not have a personal cellular telephone until the late 1990's after Plaintiff was convicted of the murder under RD# Y405585.

11. Did You violate Roberto Almodovar or William Negron's Constitutional right to a fair trial? If Your position is that you did not violate either Roberto Almodovar or William Negron's Constitutional rights, please detail every item of evidence and identify every witness that would support Your position. If Your position is that you did violate Roberto Almodovar or William Negron's Constitutional rights, please identify every item of evidence and identify every witness that would support Your position.

**ANSWER:** Defendant Halvorsen objects to this interrogatory as vague and ambiguous as to the terms "violate Plaintiff's Constitutional right to a fair trial" because an individual's right to a fair trial can be violated under a number of circumstances that do not necessarily involve a police investigation, and also as a premature contention interrogatory. Subject to and without waving these objections, Defendant Halvorsen refers Plaintiff to his answer to plaintiff's complaint in this matter, and those witnesses identified and documents produced in Defendants' 26(a) Disclosures.

12. Did you provide any witness with any benefit of any kind, including but not limited to additional visits, cigarettes, money, consideration on any criminal charges, preferential housing, relocation money, or preferential treatment of any sort? If so, please detail the benefits that you provided to any witness during the Roberto Almodovar Investigation, the type of benefit, name of the individual who received the benefit and for each benefit please state whether that benefit was disclosed to anyone other than the witness who received the benefit and, if so, to whom.

**ANSWER:** Defendant Halvorsen objects to this interrogatory as vague and ambiguous as to terms "any witness", "any benefit of any kind", "preferential treatment" and overbroad as to the time frame and scope. Subject to and without waiving said objections, Defendant Halvorsen states he did not provide the witnesses in the homicide investigation under RD# Y405585 visits, money, consideration for criminal charges or preferential housing. In further response, Defendant Halvorsen states that he does not specifically recall providing cigarettes to any of the witnesses in the homicide investigation under RD# Y405585.

13. Identify any training or instruction you have received regarding policing, arrest procedures, unlawful searches and seizures, use of force, probable cause determinations, report writing, interrogations, preservation of evidence, and duty to disclose exculpatory evidence.

**ANSWER:** Defendant Halvorsen objects to this interrogatory as vague and ambiguous as to the terms "instruction" and "policing." Subject to and without waiving said objections, Defendant Halvorsen states that he received formal training at the police academy and during the course of his employment with the Chicago Police Department that would have covered the listed topics, but does not have a specific recollection of the courses, materials or instruction. Such information may be available from the Chicago Police Department. , Defendant Halvorsen also would have received on the job training about the listed topics from his supervisors and fellow officers, and comments, which could be construed as instruction, from participants in the criminal court system. Investigation continues.

14. State whether you have ever been referred for or received any mental health/ psychological assessments or treatment or any substance abuse assessments and/or treatment. If the answer is in the affirmative, identify when the referral was made, by whom, the reason for the referral, whether the assessment or treatment was completed, the length of the treatment, where it was administered, and the outcome of the assessment and/or treatment.

**ANSWER:** Defendant Halvorsen objects to this interrogatory because it requests information protected by HIPAA; the Illinois Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110, et seq.); the Medical Patient Rights Act (410 ILCS 50 et seq.); the Illinois Constitution right to privacy (Illinois Constitution at Article I § 6); the psychotherapist-patient privilege set forth in *Jaffee v. Redmond* (518 U.S. 1 (1996)); the physician-patient privilege (735 ILCS 5/8-802); and drug and alcohol treatment/rehabilitation confidentiality statutes (20 ILCS 301/30-5; 42 USC 290dd-2; and 42 CFR Part 2). Defendant Halvorsen further objects because his medical and mental health is not at issue in this case.

15. State the name of every individual who alleges that you framed or assisted another officer in a frame-up during your time as a Chicago Police Officer.

**ANSWER:** Defendant Halvorsen objects to this interrogatory as vague and ambiguous as to the terms "framed" and "frame-up," and as overbroad in scope and timeframe. Defendant Halvorsen additionally objects to this interrogatory as unduly burdensome to the extent it seeks the identity of individuals who filed motions to suppress and motions to quash which are routine in criminal court, and requesting information that is equally available to Plaintiff. Subject to and without waiving said objections, Defendant Halvorsen refers Plaintiff to his response to Interrogatory No. 3 above for lawsuits he is aware of with allegations that he violated the constitutional rights of an individual or assisted another officer in the violation of an individual's constitutional rights.

16. State what facts formed the basis that the shooting of Merkes and Rodriguez occurred because of a war between the Maniac Latin Disciples and the Insane Dragons. Identify from whom you learned those facts.

**ANSWER:** Defendant Halvorsen objects to this interrogatory as vague and ambiguous as to the phrase "what facts formed the basis that the shooting." Subject to and without waiving this objection, Defendant Halvorsen refers Plaintiff to RFC-Almodovar/Negron 000026-000032 and 000011-000016. Investigation continues.

17. State with specificity each and every time you interacted with Jacqueline Grande between September 1, 1994 to the present day. For each interaction, please provide the date, time, location, individuals present, the words Grande communicated to you (or any individual present) and what you communicated to Grande (or any individual present).

**ANSWER:** Defendant Halvorsen objects to this interrogatory as vague and ambiguous as to the term "interacted," and as overbroad in scope and time. Subject to and without waiving these objections, Defendant Halvorsen states that he has no recollection of verbatim conversations he would have had or been part of with Ms. Grande and refers Plaintiff to the Investigative file (RFC-Almodovar/Negron 00001-00074). Investigation continues.

18. State with specificity each and every time you interacted with Kennelly Saez between September 1, 1994 to the present day. For each interaction, please provide the date, time, location, individuals present, the words Saez communicated to you (or any individual

present) and what you communicated to Saez (or any individual present).

**ANSWER:** Defendant Halvorsen objects to this interrogatory as vague and ambiguous as to the term "interacted," and as overbroad in scope and time. Subject to and without waiving these objections, Defendant Halvorsen states that he has no recollection of verbatim conversations he would have had or been part of with Mr. Saez and refers Plaintiff to the Investigative file (RFC-Almodovar/Negron 00001-00074). Investigation continues.

19. State with specificity each and every time you interacted with Roberto Almodovar between September 1, 1994 to the present day. For each interaction, please provide the date, time, location, individuals present, the words Almodovar communicated to you (or any individual present) and what you communicated to Almodovar (or any individual present).

**ANSWER:** Defendant Halvorsen objects to this interrogatory as vague and ambiguous as to the term "interacted," and as overbroad in scope and time. Subject to and without waiving these objections, Defendant Halvorsen states that he has no recollection of verbatim conversations he would have or been part of with Plaintiff and refers Plaintiff to the Investigative file (RFC-Almodovar/Negron 00001-00074). Investigation continues.

20. State with specificity what facts formed the basis that you had probable cause to arrest Roberto Almodovar for the murders of Merkes and Rodriguez.

**ANSWER:** Defendant Halvorsen objects to this interrogatory to the extent it seeks information based on an overly technical view of probable cause. Subject to and without waiving this objection, Subject to and without waiving this objection, Defendant Halvorsen refers Plaintiff to RFC-Almodovar/Negron 000026-000032 and 000011-000016. Investigation continues.

21. State with specificity each and every time you contend that Roberto Almodovar made any inculpatory statement(s) and/or confession(s) to you. For each statement, please provide the date, time, location, individuals present, the words Mr. Almodovar communicated to you and what you communicated to Mr. Almodovar.

12

**ANSWER:** Defendant Halvorsen objects to this interrogatory as vague and ambiguous as to the term "inculpatory statement" and as overbroad in scope and time. Subject to and without waiving these objections, Defendant Halvorsen states that he is not personally aware of Plaintiff confessing to his involvement in the murders of Merkes and Rodriguez and in further response refers Plaintiff to RFC-Almodovar/Negron 00011-00016. Investigation continues.


Date: April 10, 2019                                     Respectfully Submitted,

                                                            /s/ *Josh M. Engquist*
                                                            JOSH M. ENGQUIST, Attorney No. 6242849

James G. Sotos                                           *One of the Attorneys for Individual Defendants*
Joseph M. Polick
Josh M. Engquist
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, Illinois 60604
Tel: 630-735-3300
jengquist@jsotoslaw.com

13

## ATTESTATION

I, Ernest Halvorsen, affirm under penalty of perjury pursuant to 28 U.S.C. §1746 that the answers made in the foregoing document are true and correct to the best of my knowledge and belief.

Date: APRIL 9, 2019

_Ernest Halvorsen_
ERNEST HALVORSEN

# CERTIFICATE OF SERVICE

I certify under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that on April 10, 2019, the foregoing **Defendant Ernest Halvorsen's Answers to Plaintiff Almodovar's First Set Of Interrogatories** was served upon counsel of record via electronic mail at the electronic mail addresses listed below

*Attorneys for William Negron:*
Jon Loevy
Arthur Loevy
Russell Ainsworth
Ruth Brown
Julie Goodwin
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
arthur@loevy.com
russell@loevy.com
ruth@loevy.com
julie@loevy.com

*Attorneys for Roberto Almodovar:*
Jennifer Bonjean
Ashley Blair Cohen
Bonjean Law Group, PLLC
1000 Dean Street
Suite 422
Brooklyn, NY 11238
(718) 875-1850
jennifer@bonjeanlaw.com
ashley@bonjeanlaw.com

*Attorneys for City of Chicago:*
Eileen E. Rosen
Patrick R. Moran
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
312 N. Clark, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
pmoran@rfclaw.com
sbenjamin@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
arahe@rfclaw.com

*Attorneys for Defendant Guevara:*
James V. Daffada
Thomas M. Leinenweber
Kevin E. Zibolski
Justin L. Leinenweber
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
jim@ilesq.com
thomas@ilesq.com
kevin@ilesq.com
justin@ilesq.com

/s/ Josh M. Engquist
Josh M. Engquist, Attorney No. 6242849
*One of the Attorneys for Individual Defendants*