**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERTO ALMODOVAR, JR. | ) | |
| | ) | Case No. 18 CV 2341 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Jeffrey I. Cummings |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| WILLIAM NEGRON | ) | |
| | ) | Case No. 18 CV 2701 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Jeffrey I. Cummings |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS MARK OLSZEWSKI AND THE CITY OF CHICAGO'S MOTION TO**
**RECONSIDER THE COURT'S SUMMARY JUDGMENT DECISION TO**
**RELINQUISH JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS**

Defendants Mark Olszewski and the City of Chicago, by and through their undersigned

attorneys, and pursuant to Federal Rule of Civil Procedure 54(b), move the Court to reconsider

its January 10, 2025 decision to relinquish jurisdiction over the state law claims against

Olszewski, enter an order retaining supplemental jurisdiction over the state law claims, and

award Olszewski summary judgment on those claims.

In its January 10, 2025 opinion, (Dkt. 276, "MSJ Opinion"), the Court granted

Olszewski's Motion for Summary Judgment, (Dkt. 207, "Motion"), as to Plaintiffs' federal

malicious prosecution, conspiracy, and failure to intervene claims, but it relinquished supplemental jurisdiction as to Plaintiffs' state law claims – which substantively mirror the federal claims. Respectfully, the Court should not have relinquished supplemental jurisdiction as the state law claims against Olszewski and, instead, judgment as matter of law should have been entered in Olszewski's favor on all claims.

Plaintiffs' cases have been pending in the Northern District since 2018, and the Court's findings on the federal claims not only demonstrate a well-earned familiarity and dexterity with the factual record, but also necessarily resolve the merits of the state law claims against Olszewski. Under such circumstances, the Court's relinquishment of supplemental jurisdiction contravened the Seventh Circuit's rule that relinquishment is an abuse of discretion when it undermines judicial efficiency. *Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722, 731–32 (7th Cir. 2001). Because *Miller Aviation* requires retention of supplemental jurisdiction in this specific circumstance, Defendants Olszewski and the City respectfully request that the Court reconsider its relinquishment of jurisdiction, assess the state law claims on the merits, and enter summary judgment for Olszewski on the state law claims against him.

## BACKGROUND

Plaintiffs Roberto Almodovar and William Negron sued Olszewski in connection with claims brought against the Defendant Detectives that center on allegations that Plaintiffs were wrongfully convicted of the 1994 double murder of Amy Merkes and Jorge Rodriguez and attempted murders of Kennelly Saez and Jacqueline Grande. On December 21, 2022, Olszewski moved for summary judgment against both Plaintiffs on all counts. (*See generally* Dkt. 207, Mot.; Dkt. 212, Olszewski's Memorandum in Support of His Motion ("MSJ Memorandum").) The Court issued its ruling on January 10, 2025. (Dkt. 276, MSJ Op.) Prior to that ruling, these

consolidated cases were pending in federal court for almost seven years. (*Almodovar v. Guevara, et al.*, No. 18 CV 2341, Dkt. 1; *Negron v. Guevara, et al.*, No. 18 CV 2701, Dkt. 1.) During that time, the Northern District reviewed and/or considered over forty motions, conducted twenty-five hearings, and issued sixteen orders—culminating most recently in the MSJ Opinion, which effectively required the Court to become an expert in the facts and circumstances of the case, particularly as they pertain to Olszewski. (*See generally* Dkt.)

The record is clear that Olszewski did not arrest Plaintiffs, did not have any contact with victims Grande and Saez, was not involved in eliciting either of Grande's or Saez's testimony, did not have a meeting or discussion with Defendants Halvorsen or Guevara prior to taking Almodovar's photograph, did not prepare reports in connection with the Merkes/Rodriguez murders, did not interact with the prosecutors relating to any charges placed against Plaintiffs or the corresponding prosecution, and did not testify in the criminal case or posttrial proceedings. (*See generally* Dkt. 276, MSJ Op.) Instead, Olszewski provided a photograph he took of Almodovar from a September 4, 1994 arrest to the Defendant Detectives because they were looking for information about the Insane Dragons, and Almodovar was undisputedly an Insane Dragon in 1994. (*Id.* at 4, 6.) Olszewski also took a photograph of Negron, and it is undisputed that the Defendant Detectives received this photo from two *other* officers—not from Olszewski. (*Id.* at 5–7.)

The Court correctly found that this is not enough to establish liability against Olszewski for any of Plaintiffs' federal claims. (*Id.* at 9–17.) Olszewski was simply not involved in the arrest and prosecution of Plaintiffs for the Merkes/Rodriguez homicides. (*Id.* at 14.) The Court granted Olszewski summary judgment on the federal claims against him—malicious prosecution, conspiracy, and failure to intervene. (*Id.* at 18.) So too should the Court grant summary judgment

as Plaintiffs' mirror-image state law claims—malicious prosecution, civil conspiracy, and intentional infliction of emotional distress ("IIED"), as well as the derivative claims against the City for *respondeat superior*, and indemnification.

## LEGAL STANDARD

This motion to reconsider arises under Rule 54(b), which provides that any order that does not resolve all the claims as to all the parties "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Ashland Ave. Invs., LLC, v. Marquette Nat'l Bank*, No. 14 C 07745, 2016 WL 9782007, at *1 (N.D. Ill. June 8, 2016) (when a court has not entered final judgment, Rule 54(b) permits reconsideration of summary judgment findings). Reconsideration is appropriate where the Court has "committed a manifest error of law." *Bedford v. DeWitt*, 695 F. Supp. 3d 998, 1001–02 (N.D. Ill. 2023) (granting motion to partially reconsider denial of summary judgment) (citation and internal quotation marks omitted).

## ARGUMENT

### I.   Relinquishing Supplemental Jurisdiction Over the State Law Claims Was a Manifest Error of Law

The Court relinquished jurisdiction, relying on "a 'sensible presumption that if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law claims.'" (MSJ Op. at 17 (quoting *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007)).) This presumption, however, is rebuttable and thus does not trigger automatic relinquishment.

Rather, when deciding whether to exercise or decline supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of*

4

*Surgeons*, 522 U.S. 156, 173 (1997) (citation and internal quotation marks omitted). This is especially true where "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Graf v. Elgin, Joliet & E. Ry. Co.,* 790 F.2d 1341, 1347–48 (7th Cir. 1986), *overruled on other grounds by Hughes v. United Air Lines, Inc.*, 634 F.3d 391 (7th Cir. 2011). Indeed, in holding that jurisdiction over a federal claim need not exist at all stages of litigation to support retention of a pendent claim, the Supreme Court expressly emphasized the importance of "the conservation of judicial energy and the avoidance of multiplicity of litigation." *Rosado v. Wyman*, 397 U.S. 397, 405 (1970).

In *Miller Aviation*, the Seventh Circuit clarified that a district court abuses its discretion when its relinquishment of jurisdiction over state law claims thwarts principles of judicial efficiency. 273 F.3d at 732. There, the "district court spent more than five years overseeing" the case, "considered 22 motions, held 9 hearings, and issued 19 orders" including the summary judgment decision, where it disposed of the federal claims in the defendants' favor. *Id*. This "demonstrate[d] a mastery" of the factual record that grounded the plaintiff's claims. *Id*. "For these reasons," the Court of Appeals concluded that relinquishing jurisdiction over the state law claims "would require a duplication of effort by the state court that undermines the very purpose of supplemental jurisdiction—judicial efficiency." *Id*.

This consolidated litigation is effectively indistinguishable from *Miller Aviation* as it concerns supplemental jurisdiction. Plaintiffs' cases have progressed in the Northern District for almost seven years. While Your Honor did not receive the cases until an October 2023 reassignment, the Court's cleareyed decision-making and factual recitation in the MSJ Opinion

5

demonstrates the substantial resources the Court has surely expended in getting caught up on this expansive litigation.

In the face of the effort dedicated by the Northern District and the parties over the last seven years, remanding the state law claims to the Illinois Circuit Court would violate both the letter and spirit of *Miller Aviation*. Such an order would force yet another court to undertake not merely the same burden assumed by Your Honor for the last fourteen months, but also the same tasks that the Northern District carried out for the better part of a decade to shepherd these cases to the summary judgment stage. In other words, remand would accomplish nothing but a restart of *another* saga of litigation. This would go one step beyond frustrating judicial efficiency; it would all but invert it on its head.

To that end, "concerns about judicial economy have their greatest force when significant federal judicial resources have already been expended to decide the state claims, or when there is no doubt about how those claims should be decided." *Birdo v. Dave Gomez*, 214 F. Supp. 3d 709, 721 (N.D. Ill. 2016) (citation and internal quotation marks omitted). As explained below, the Court's summary judgment findings apply with full force to the remaining state law claims, leaving no doubt that they should be resolved in Defendant Olszewski's favor. Specifically, the Court's analysis of the federal malicious prosecution and conspiracy claims undeniably resolve Plaintiffs' parallel state law claims for malicious prosecution and conspiracy. (*Infra* at 7–8.) And because the Court found that Olszewski did not engage in activities consistent with the malicious prosecution and conspiracy torts, there is necessarily no evidence of conduct that can be categorized as extreme or outrageous for the IIED claim. (*Infra* at 9.) The IIED claim is also barred by the statute of limitations. (*Infra* at 10.) And with all the substantive claims gone, the *respondeat superior* and indemnification claims against the City—as they relate to Olszewski—

fall away as a matter of course. *Bradford v. City of Chicago*, No. 16 CV 1663, 2021 WL 1208958, at *9 (N.D. Ill. 2020).

As a result, "remanding [the state law counts] to state court will undoubtedly result in unnecessary duplication of time, money, and effort." *Birdo*, 214 F. Supp. 3d at 721. Under *Miller Aviation*, to relinquish supplemental jurisdiction under such circumstances is an impermissible abuse of discretion. Olszewski certainly appreciates the Court's adherence to general practice in relinquishing jurisdiction. However, given the specific threat to judicial economy, the declination was a clear error of law on this unique occasion. On reconsideration, the Court should retain supplemental jurisdiction and, for the reasons outlined next, award summary judgment to Olszewski on the state law claims.

II.     **Plaintiffs' State Law Claims Fail As A Matter Of Law**

        a.  **Olszewski's lack of personal involvement or significant role in the initiation of criminal charges against Plaintiffs warrants entry of summary judgment in his favor on the state law malicious prosecution claims.**

In Illinois, malicious prosecution claims are premised on a "prosecut[ion] without probable cause" of a "previous…criminal proceeding." *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 23 (Ill. 2019). This requires Plaintiffs to demonstrate that Olszewski was personally involved— or, as described in *Beaman*, "significantly" involved—in the commencement of judicial proceedings against them. *Id*. at ¶ 46; *see Colbert v. City of Chicago*, 851 F.3d 649, 655 (7th Cir. 2017) (malicious prosecution claim fails where plaintiff cannot show "some post-arrest action which influenced the prosecutor's decision to indict") (citation and internal quotation marks omitted). Recently, the Illinois Supreme Court further specified a need to show that Olszewski "proximately" caused the commencement or continuance of criminal proceedings. *Beaman v. Freesmeyer*, 2021 IL 125617, ¶¶ 79–80 (Ill. 2021). The Seventh Circuit has made clear that "the

7

elements for an Illinois state-law malicious prosecution claim mirror" the elements for a federal malicious prosecution claim. *Lee v. Harris*, 127 F.4th 666, 676 (7th Cir. 2025) (affirming grant of summary judgment as to both federal and state malicious prosecution claims).

Here, the Court has already found that Olszewski cannot be held liable for malicious prosecution. The Court's reasoning applies equally to either a federal malicious prosecution claim or a malicious prosecution claim brought under Illinois law. Olszewski was far too removed from the decision to charge Plaintiffs for Merkes and Rodriguez' murders to satisfy the coterminous concepts of "significant role" or "proximate cause," i.e., that any post-arrest action undertaken by Olszewski influenced the prosecutors' decisions to indict. (Dkt. 276, MSJ Op. at 15.) Specifically, the Court found that "plaintiffs have not pointed to any evidence that Defendant Olszewski exerted any pressure or influence on the prosecutors either to apply for the arrest warrant or to indict plaintiffs; made knowing misstatements to the prosecutors; or testified falsely at any subsequent adversarial proceeding." (*Id.*)

There is no daylight between this finding and the standards governing Illinois malicious prosecution claims that would permit the state law claim to survive where the federal analogue failed. Thus, the Court's finding on the federal claim precludes the standards governing the state law malicious prosecution claims from being met, and Olszewski should be awarded summary judgment on reconsideration.

**b. Olszewski is entitled to summary judgment on the state law conspiracy theory because of the absence of evidence that he agreed to join an unconstitutional scheme.**

In Illinois, to "recover[] under a civil conspiracy claim, the plaintiff must prove an agreement," which "must be knowingly and intentionally made." *Menssen v. Pneumo Abex Corp.*, 2012 IL App (4th) 100904 ¶ 12 (Ill. App. Ct. 2012). The Court already found that

Plaintiffs failed to marshal any evidence from which a reasonable jury could infer that Olszewski ever spoke to Guevara and Halvorsen about the Merkes/Rodriguez murders prior to Olszewski obtaining Almodovar's photo, let alone that he came to an agreement with the detectives to deprive Almodovar of his constitutional rights. (Dkt. 276, MSJ Op. at 12.) This finding is necessarily fatal to Plaintiffs' state law conspiracy claims, since it clarified the absence of any direct evidence of conspiracy. And in Illinois, "[c]ircumstantial, as opposed to direct, evidence of conspiracy must be clear and convincing." *Gillenwater v. Honeywell Int'l, Inc.*, 2013 IL App (4th) 120929, ¶ 82 (Ill. App. Ct. 2013). Lacking any circumstantial evidence whatsoever that clearly and convincingly establishes a conspiracy, Plaintiffs' state law conspiracy claims fail as a matter of law, and the Court should award Olszewski summary judgment upon reconsideration.

### c. The IIED claim fails for either of two independent reasons.

#### i. Olszewski was not personally involved in any "extreme and outrageous" conduct that inflicted emotional distress upon Plaintiffs.

The Court's finding that Olszewski did not engage in conspiracy or malicious prosecution necessarily eviscerates any claim that he engaged in extreme and outrageous conduct sufficient to ground the IIED against him. Illinois sets a "high bar" to "successfully assert[] a claim for IIED, requiring "proof that…the defendant's conduct was truly extreme and outrageous." *Richards v. U.S. Steel,* 869 F.3d 557, 566 (7th Cir. 2017). To qualify, "the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized society" *Id.* (citation and internal quotation marks omitted). "Whether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances…." *Franciski v. Univ. of Chi. Hosps.*, 338 F.3d 765, 769 (7th Cir. 2003).

The Court found that Olszewski had no contact with Grande and Saez, was not involved in eliciting their testimony, did not prepare any of the Merkes/Rodriguez investigative reports,

did not testify at Plaintiffs' trial, and did not have a meeting or discussion with Halvorsen or Guevara prior to Olszewski's obtaining Almodovar's photograph. (Dkt. 276, MSJ Op. at 10, 12.) Per the Court, aside from providing Almodovar's picture to the Defendant detectives, Olszewski was otherwise uninvolved in the arrest and prosecution of Almodovar and Negron for the Merkes/Rodriguez homicides. (*Id.* at 14.) At the risk of stating the obvious, the provision of a photo is not conduct so extreme and outrageous in nature as to defy the bounds of decency in civilized society.

Thus, in light of the Court's findings on the federal claims, Plaintiffs cannot establish that Olszewski's conduct meets the high bar for IIED as a matter of law. Upon reconsideration, the Court should grant summary judgment to Olszewski on the IIED claims against him.

### ii. The IIED claim is time-barred.

As noted in Olszewski's MSJ Memorandum, Illinois subjects IIED claims to a one-year statute of limitations. (Dkt. 212, MSJ Memo. at 22 (citing 745 ILCS 10/8-101(a)).) Because all Olszewski's alleged conduct occurred in the first few days of September 1994, Plaintiffs were required to file their IIED claim against him by early 1995. *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013) (holding that IIED claim arising from conduct that occurred in the course of an arrest accrued on the date of the arrest).

However, such accrual can be tolled pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994), where success on the IIED claim—had the claim been filed while the conviction was intact—would have been inconsistent with the conviction. *Serrano v. Guevara, et. al,* 315 F. Supp. 3d 1026, 1043 (N.D. Ill. 2019). The corollary, of course, is that an IIED claim is time-barred to the extent it was based on police misconduct that generated evidence that was not introduced at the criminal trial. *Id.*

As noted in Olszewski's Reply Brief in Support of His Motion for Summary Judgment, (Dkt. 241, "MSJ Reply"), Plaintiffs premised their IIED claim exclusively on their allegations of conspiracy misconduct. (Dkt. 241, MSJ Reply at 20.) Because the Court already found no evidence of conspiracy, there is necessarily no evidence of misconduct attributable to Olszewski that could be categorized as inconsistent with Plaintiffs' convictions. And, as argued in their MSJ Memorandum, even if Plaintiffs could prove that Olszewski's *separate* arrest of Almodovar and his photographing of both Plaintiffs in 1994 caused them emotional distress, neither act would have impacted Plaintiffs' criminal convictions in any way. (Dkt. 212, MSJ Memo. at 22.) Accordingly, Plaintiffs' IIED claims accrued in 1994, are time-barred, and thus entitle Olszewski to summary judgment upon reconsideration.

## CONCLUSION

WHEREFORE, Defendants Mark Olszewski and the City of Chicago respectfully request this Court reconsider its decision relinquishing supplemental jurisdiction over Plaintiffs' state law claims, enter an order retaining jurisdiction over the state law claims, and grant Olszewski's summary judgment motion on those claims.

Dated: March 14, 2025

Respectfully Submitted,

| | |
|---|---|
| */s/ Theresa Berousek Carney* | /s/ Josh M. Engquist |
| Special Assistant Corporation Counsel for the City of Chicago | JOSH M. ENGQUIST, Atty No. 6242849 |
| | Special Assistant Corporation Counsel |
| Eileen E. Rosen | *One of the Attorneys for Individual* |
| Theresa Berousek Carney | *Defendants* |
| Catherine M. Barber | |
| Austin G. Rahe | James. G. Sotos |
| Rock Fusco & Connelly, LLC | Joseph M. Polick |
| 333 West Wacker Drive, 19th Floor | Josh M. Engquist |
| Chicago, Illinois 60606 | Caroline P. Golden |
| 312-494-1000 | Jeffrey R. Kivetz |
| tcarney@rfclaw.com | David A. Brueggen |
| | Allison L. Romelfanger |
| | Special Assistant Corporation Counsel |
| | THE SOTOS LAW FIRM, P.C. |
| | 141 W. Jackson Blvd., Suite 1240A |
| | Chicago, IL 60604 |
| | Tel: (630) 735-3300 |
| | jengquist@jsotoslaw.com |

## CERTIFICATE OF SERVICE

I, Josh M. Engquist, certify under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that on **Friday, March 14, 2025**, I electronically filed the foregoing **Defendants Mark Olszewski and the City of Chicago's Motion to Reconsider the Court's Summary Judgment Decision to Relinquish Jurisdiction Over Plaintiffs' State Law Claims** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

**_Attorneys for Roberto Almodovar:_**
Jennifer A Bonjean
Ashley Blair Cohen
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
(718) 875-1850
jennifer@bonjeanlaw.com
Ashley@bonjeanlaw.com

**_Attorneys for William Negron:_**
Arthur R. Loevy
Jonathan I. Loevy
Ruth Z. Brown
Lindsay Hagy
Rachel Elaine Brady
Sean Starr
Russell R Ainsworth
Loevy & Loevy
311 North Aberdeen
3rd Floor
Chicago, IL 60607
(312)243-5900
arthur@loevy.com
jon@loevy.com
ruth@loevy.com
lindsay@loevy.com
Brady@Loevy.com
sean@loevy.com
russell@loevy.com

**_Attorneys for Defendant Reynaldo Guevara:_**
Steven Blair Borkan
Timothy P Scahill
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312) 580-1030
sborkan@borkanscahill.com
tscahill@borkanscahill.com

**_Attorneys for Defendant City of Chicago:_**
Eileen Ellen Rosen
Austin Gordon Rahe
Catherine Macneil Barber
Patrick R Moran
Stacy Ann Benjamin
Theresa Berousek Carney
Sabrina A. Scardamaglia
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
(312) 474-1000
erosen@rfclaw.com
arahe@rfclaw.com
cbarber@rockfuscoconnelly.com
pmoran@rfclaw.com
sbenjamin@rfclaw.com
tcarney@rfclaw.com
sscardamaglia@rfclaw.com

/s/ Josh M. Engquist
Josh M. Engquist

13