**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM NEGRON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 18-cv-2701** |
| | ) | |
| **v.** | ) | **Judge Jeffrey I. Cummings** |
| | ) | |
| **REYNALDO GUEVARA, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**<u>ORDER</u>**

Following his exoneration, wrongfully convicted plaintiff William Negron brought suit against Reynaldo Guevara, Ernest Halvorsen,[1] Mark Olszewski, and the City of Chicago alleging federal and state law claims, including that defendants violated, and conspired to violate, his constitutional rights. On January 10, 2025, this Court granted Olszewski's motion for summary judgment concluding that plaintiff failed to adduce evidence on which a reasonable jury could conclude that Olszewski was personally involved in a violation of, or a conspiracy to violate, plaintiff's constitutional rights. The Court, in its discretion, also relinquished jurisdiction over plaintiff's state law claims against Olszewski once it determined that plaintiff's federal claims against him failed.

Before the Court is the City of Chicago's Motion to Reconsider the Court's Summary Judgment Decision to Relinquish Jurisdiction Over Plaintiffs' State Law Claims, (Dckt. #261). For the reasons stated below, the City's motion for reconsideration is denied.

**I.      LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) states that a court may reconsider an interlocutory ruling "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed R. Civ. P. 54(b). Motions for reconsideration serve the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Thus, a motion to reconsider is proper when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (cleaned up). A motion for reconsideration cannot, however, be used

---

[1] Defendant Halvorsen is now deceased and was substituted as a party-defendant by his surviving spouse. (Dckt. #82). The Court references Halvorsen as the party-defendant throughout this Order.

to present evidence that could have previously been brought or to rehash arguments that could have previously been made. *Otto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

## II.    DISCUSSION

For purposes of this Order, the Court assumes familiarity with the underlying facts of this case and the conclusions reached by the Court in its January 10, 2025 Memorandum Opinion and Order ("MSJ Opinion"). For the reasons set forth below, the Court denies the City's motion for reconsideration of its MSJ Opinion.

Defendants Olszewski and the City of Chicago's motion for reconsideration argues that it was a manifest error of law for the Court to relinquish jurisdiction over Negron's state law claims against Olszewski. For the reasons set forth below, the Court disagrees.

Defendants center their argument around *Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722 (7th Cir. 2001). In that case, the Seventh Circuit examined whether to apply the "judicial efficiency" exemption to the general rule that "a district court's decision to relinquish pendent jurisdiction before the federal claims have been tried is the norm." *Id.* at 731 (cleaned up). The Seventh Circuit found that *Miller Aviation* presented a good example of when a district court should exercise jurisdiction over pendant state law claims given the "considerable" judicial resources that had been expended by the court over more than five years which included considering twenty-two motions, holding nine hearings, and issuing nineteen orders, including a seventy-one-page opinion. *Id.* at 732. These facts, coupled with the district court's "mastery of the minutiae of airport administration" led the Seventh Circuit to conclude that remand of the remaining supplemental claims would require "duplication of effort" by the state court which would "undermine[] the very purpose of supplemental jurisdiction—judicial efficiency." *Id.*

The circumstances here are distinguishable from those present in *Miller*. Although this case has been pending for over seven years, it was not assigned to this Court until more than a year *after* all discovery was complete and the parties' motions for summary judgment were fully briefed. (Dckt. ##180, 229); *See Williams Elecs. Games, Inc. v. Garrity*, No. 97 C 3743, 2005 WL 2284280, at *6 n.6 (N.D.Ill. Sept. 15, 2005), *aff'd*, 479 F.3d 904 (7th Cir. 2007) (distinguishing *Miller* on the grounds that "there was no assignment of a new judge, as is the case here, nor any unsettled or complex issues of state law or even unresolved questions of material fact."). Moreover, this Court has only held one hearing, which was related to Negron's motion to set a trial date. (Dckt. #248). Finally, this Court has not directly considered, or expended significant resources on, the merits of the state-law claims. *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 481 (7th Cir. 2012) ("concerns about judicial economy have their greatest force when significant federal judicial resources have already been expended to decide the state claims . . ."). On these facts, Olszewski and the City of Chicago have not demonstrated how "substantial judicial resources have already been committed" such that "sending the case to another court will cause a substantial duplication of effort." *Miller Aviation*, 273 F.3d at 731; *see also RWJ Mgmt. Co.*, 672 F.3d at 481 ("Evaluating considerations of judicial efficiency and duplication of judicial effort is not just a matter of toting up months or motions or the page counts of judicial orders.").

In sum, defendants Olszewski and the City of Chicago fail to demonstrate that it was a manifest error of law for the Court to relinquish jurisdiction over Negron's state law claims against Olszewski, therefore the Court denies their motion for reconsideration.

## CONCLUSION

For the reasons set forth above, the City's motion for reconsideration, (Dckt. #261), is denied.

**DATE: July 9, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**